# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1889, IN THE SEVENTY-THIRD
YEAR OF THE STATE.

————◆————

No. 13,817.

## WAYMIRE v. LANK.

EVIDENCE.—*Motion to Strike Out.*—It is not error to overrule a motion to
strike out evidence where part of the evidence embraced in the motion
is competent.

SPECIAL VERDICT.—*Finding.*—*Material Facts.*—*Judgment.*—The party hav-
ing the burden can not have judgment unless the special verdict finds
all the facts essential to a recovery.

SAME.—*Form of.*—*Venire de Novo.*—*Practice.*—In the absence of a motion
for a *venire de novo,* òr a motion to remand the case to the jury, no ques-
tion is presented as to the form of the verdict.

From the Warren Circuit Court.

*W. B. Durborow,* for appellant.
*J. McCabe* and *E. F. McCabe,* for appellee.

ELLIOTT, C. J.—This action was prosecuted by the appel-
lant against the appellee to recover damages for an alleged
malicious prosecution.

It is claimed by appellant that the trial court erred in overruling his motion to strike out the testimony of Thomas Clarkson. Much, if not all, of the testimony was clearly competent, and as the motion was addressed to the entire body of the testimony there was no error in overruling it. Counsel must select the incompetent evidence and direct their motion against it, and not against the valid and competent evidence. The duty of separating the bad from the good rests upon counsel, and not upon the court. *Jones* v. *State*, 118 Ind. 39, and authorities cited.

The appellant had the burden of the issue, and if the special verdict fails, as his counsel asserts, to state all the material facts the judgment was rightly entered in favor of the defendant. The party having the burden can not have judgment unless the special verdict finds all the facts essential to a recovery.

There was no motion for a *venire de novo*, nor any motion to remand the case to the jury, and consequently no question is presented as to the form of the verdict.

The verdict can not be disturbed upon the ground that it is not supported by the evidence.

Judgment affirmed.

Filed Nov. 7, 1889.