## KRSTOVICH *v.* STATE OF INDIANA.

[No. 23,318.    Filed October 4, 1917.]

1. CRIMINAL LAW.—*Appeal.*—*Review.*—*Evidence.*—*Scope of Review.*—*Verdict.*—A judgment will not be reversed for insufficiency of the evidence because of a mere conflict therein but only when there is a total lack of evidence as to some material fact, and in determining whether a lack of proof exists on some element essential to the judgment, the court will look only to the evidence most favorable to the prevailing party. p. 557.

2. INTOXICATING LIQUORS.—*Sales.*—*Regulation.*—*Employment of Minors.*—*Sufficiency of Evidence.*—In a prosecution under an indictment based on §8022d Burns 1914, Acts 1911 p. 511, providing that no boy under the age of sixteen years shall be employed or permitted to work in and about any saloon, concert hall or any establishment where intoxicating liquors are manufactured, packed, wrapped or bottled, evidence showing that a saloon and a bowling alley, in which boys were employed as pin-setters, were located in different parts of the same building, but that such boys were not required by their duties to be in the saloon or about the place where intoxicating liquors were sold, was insufficient to sustain a judgment of conviction, since it is not a violation of the statute to employ boys in another business in the vicinity of a saloon or in another room located in the same building.   p. 557.

From Lake Circuit Court; *John B. Peterson,* Special Judge.

Prosecution by the State of Indiana against John Krstovich. From a judgment of conviction, the defendant appeals. *Reversed.*

*Sheehan & Lyddick,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the State.

LAIRY, J.—Appellant was charged and convicted in the Lake Circuit Court under §8022d Burns 1914, Acts 1911 p. 511. This statute is intended to protect the lives, the health and the morals of children of tender years and provides for several offenses in connection with the employment of children. Among other things,

the section provides that no boy under the age of sixteen years shall be employed or permitted to work in and about any saloon, concert hall or any establishment where intoxicating liquors are manufactured, packed, wrapped or bottled. The second count of the affidavit under which appellant was convicted charged that appellant on or about a day named was engaged in operating a saloon in Lake county, Indiana, and that he unlawfully employed, allowed and permitted three boys named in the affidavit and alleged to be under sixteen years of age to work and be employed in and about said saloon. A reversal is asked on the ground that the evidence is not sufficient to sustain the verdict.

It is well settled that a judgment will not be reversed on the ground stated because of a mere conflict in the evidence. In order to justify a reversal on this ground there must be a total lack of evidence as to some fact material to guilt. The court will look only to the evidence most favorable to the prevailing party. *Eaton* v. *State* (1917), *ante* 167, 115 N. E. 329; *Wright* v. *Bertiaux* (1903), 161 Ind. 124, 129, 66 N. E. 900. Appellant asserts that there is no evidence to show that the boys named were employed or permitted to work in and about a saloon within the meaning of the statute.

The evidence most favorable to the State shows that appellant operated a saloon in what was known as Turner Hall building in Gary. This entire building was leased by George M. Rapaich from the Centliver Brewing Company, and he subleased different parts of the building to the several occupants. The room in which appellant operated his saloon was in the front of the building on the first floor. Back of this is the hall known as Turner Hall and between this hall and the room occupied by the saloon is a platform six or eight feet square from which a door opened

to the front into the saloon and one opened into Turner Hall on the back. From this platform a stairway led to a basement in the back under the hall where a bowling alley was operated. The boys were employed as pin-setters on the bowling alley in the basement. There is evidence to show that a bartender of appellant operated the bowling alley and employed and paid the boys for setting the pins and that they sometimes came into the saloon to receive their pay or to get change. Appellant testified that he had no connection with the operation of the bowling alley and this was not disputed. The work in which the boys were engaged did not require them to be in the saloon or about the place where intoxicating liquors were being handled or sold, and they were not required to pass through the saloon in going to their work or in returning therefrom.

The law was intended to prevent the employment of boys under sixteen years of age in a work which required them to be in a saloon or about the place where intoxicating beverages were being sold or handled so as to be exposed to the contaminating influences of the liquor traffic. It is not unlawful to employ such boys in another business in the vicinity of a saloon or even in another room located in the same building. If by reason of such proximity to a saloon they are led to enter it on any pretext, there is another statute under which the proprietor of the saloon could be punished for permitting minors to loiter in his place of business. §8328 Burns 1914, Acts 1895 p. 248. There is no evidence to show that appellant violated either the letter or the spirit of the statute under which he was charged.

The judgment is reversed, with directions to grant appellant's motion for a new trial.

NOTE.—Reported in 117 N. E. 209. What is included in the term "premises" in a statute relating to the sale of intoxicating liquor, Ann. Cas. 1916C 1193.