SMALL v. STATE OF INDIANA.

[No. 23,844.   Filed April 8, 1921.]

1. CRIMINAL LAW.—*Appeals.*—*Evidence.*—*Sufficiency.*—*Scope of Review.*—In passing upon the sufficiency of the evidence to sustain a conviction, the court on appeal will disregard all evidence favorable to the appellant, and take into consideration only the evidence tending to prove his guilt, together with the inferences which might reasonably be drawn therefrom against him.   p. 408.

2. FALSE PRETENSES.—*Name of Prosecuting Witness.*—"*To the Grand Jurors Unknown.*"—*Proof.*—*Variance.*—Where the evidence before the grand jury upon which an indictment was based did not show the Christian name of one of the parties defrauded, the mere fact that such party testified at the trial of defendant for obtaining money under false pretenses, giving his full name did not establish that his Christian name was not unknown to the grand jurors, as alleged in the indictment, so as to constitute a fatal variance.   pp. 409, 410.

3. CRIMINAL LAW.—*Name of Criminal or Means of Crime Unknown to Grand Jury.*—*Burden of Proof.*—Where the name of a person or the means used to accomplish an unlawful end are alleged by the grand jury to be unknown, it is not incumbent upon the state to show in the first instance affirmatively that such fact was unknown to the grand jury, but the state must prove to the traverse jury that the fact alleged to be unknown is unknown, or prove such a state of facts or circumstances as render the alleged unknown fact uncertain in which event it is presumed to have not been within the knowl-

edge of the grand jury; but if there is evidence tending to show that the grand jury did know, or could by the use of reasonable diligence have known, the fact alleged to be unknown, or was negligent or perverse in not alleging what was at its command to know, then the burden is upon the state to show that the grand jury did not know the alleged unknown fact.   p. 410.

4.  CRIMINAL LAW.—*Appeals.*—*Presumptions.*—On the question whether the grand jury knew the Christian name of the party defrauded, and who was named by his initials in an indictment for obtaining money under false pretenses, it cannot be presumed that such witness was before the grand jury, since, on an appeal from a judgment of conviction, only those presumptions which tend to uphold the action of the trial court can be indulged.   p. 411.

From Marion Criminal Court (50,916); *Frank S. Roby,* Special Judge.

Prosecution by the State of Indiana against Charles Small. From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Woolen, Cox & Welliver* and *T. Ernest Maholm,* for appellant.

*Ele Stansbury,* Attorney-General, for the state.

EWBANK, J.—Appellant was charged by indictment, under §2588 Burns 1914, Acts 1907 p. 431, with the offense of obtaining money by false pretenses. The indictment alleged, in substance, that at, etc., on, etc., the appellant unlawfully, falsely, feloniously and knowingly pretended to "Charles L. Riddle and C. E. Dunham (whose Christian name is to the grand jurors unknown)," with intent by such false pretense to cheat and defraud them, and for the purpose of obtaining from them $200, that he (the appellant) was the absolute and sole owner of a certain formula for the manufacture of a varnish protector, and could and would sell and convey to them the complete and unincumbered right and title to and in said formula for a price named, but charged that he was not the absolute or sole owner

of said formula, and had no interest in nor title to it, and could not sell, transfer, or convey it, as he well knew, and that said parties, relying upon said representations and believing them to be true, by reason of such reliance and belief paid to appellant and he received $200 of the property of said parties. The indictment is modeled closely upon the form set out in Ewbank, Criminal Law §1163, and its sufficiency is not questioned in this appeal.

Appellant was tried without a jury, and was found guilty, as charged. He moved for a new trial for the alleged reasons that the verdict was not sustained by sufficient evidence, and was contrary to law. His motion was overruled and he excepted, and from a judgment on the finding this appeal was taken. The only error assigned is that the trial court erred in overruling appellant's motion for a new trial. Counsel for the state suggest some objections to the notice of appeal, and to the manner of approval of the bill of exceptions. But in view of the conclusion reached upon the merits we do not deem it necessary to consider or decide whether or not the objections are well taken.

Under the rule which obtains in this court, in passing on the sufficiency of the evidence to sustain the finding of guilty, we must disregard all evidence favorable to the appellant, and take into consideration only the evidence which tends to prove his guilt, with the inferences which the trial court might reasonably have drawn therefrom unfavorable to him. As so considered, there was ample evidence to sustain the charge that appellant (a) made the alleged statements (b) to Charles L. Riddle and C. E. Dunham; (c) that the statements were false and (d) appellant knew it, and (e) knowingly made them with intent to defraud said Riddle and Dunham; and (f) that Riddle and Dunham believed them, and (g) in that belief and in

reliance thereon paid appellant $200 toward the purchase of the formula, and (h) that upon being confronted with the fact that another person owned the formula, appellant immediately left Indianapolis, and asked that mail be sent to him under the name of "Charles Short"; and (i) that he had previously sold the formula to two different persons in different cities, one of whom paid $3,000 for it at Buffalo, New York, of which appellant received $2,500 in cash; and (j) that immediately on receiving that money he left Buffalo, leaving his "clothes and baggage and everything else" behind.

At the trial C. E. Dunham testified that his name was "Charles Edward Dunham." But it was not shown where he lived, nor that he testified before the grand jury, nor whether he was in this state when the indictment was returned, and there was no evidence that the grand jury, or any witness who testified before the grand jury, knew his Christian name. Charles L. Riddle, referring to appellant, testified that "we had him indicted." But he did not state to whom besides himself he referred by the word "we." He testified that he lived in Indianapolis, but except that Dunham was in Indianapolis at the time of the transaction in question, and signed the agreement and joined in paying the $200, it does not appear what Riddle knew about him. The contract was signed "C. E. Dunham," and Riddle referred to him, when testifying, only as "C. E. Dunham" and as "Mr. Dunham." Appellant did not in any way, by cross-examination of the state's witnesses, or by offering original evidence, suggest that there was any question as to the truth of the averment that the "Christian name" of C. E. Dunham was "to the grand jurors unknown," as alleged in the indictment.

The paper which he signed named him twice as "C. E. Dunham," and three times as "Dunham," and he

signed "C. E. Dunham." This contract and also two letters written by appellant and one written by Charles L. Riddle, all of which mentioned him only as "Mr. Dunham," were read in evidence.

"The true rule, both upon reason and the authorities, is that, if the name of a person, or means used to accomplish an unlawful end, are alleged by the grand jury to be unknown, it is not incumbent upon the State to show in the first instance affirmatively that such fact was unknown to the grand jury; but it is incumbent upon the State to prove to the traverse jury that the fact alleged to be unknown is unknown, or to prove such a state of facts or circumstances as render the alleged unknown fact uncertain, in which event such fact is presumed to have been unknown to the grand jury; but if there is evidence tending to show that the grand jury did know, or could by the use of reasonable diligence have known, the fact alleged to be unknown, or was negligent or perverse in not alleging what was at its command to know, then the burden is upon the State to show that the grand jury did not know the alleged unknown fact." *Carter* v. *State* (1909), 172 Ind. 227, 232, 87 N. E. 1081.

Obviously, if the grand jury based the indictment upon the numerous papers afterward read in evidence, referring to "Dunham," "Mr. Dunham," and "C. E. Dunham," and the testimony of the witness Riddle, who named him only as "Mr. Dunham" and as "C. E. Dunham," it could not know the Christian name of the person thus referred to, unless it had sources of information not suggested by anything in the evidence in this case. And we do not think the mere fact that Charles Edward Dunham testified on the trial and gave his full name establishes that his Christian name was not unknown to the grand jury, so as to constitute a variance.

It was affirmatively shown that another witness who testified lived in the State of New York, and we cannot indulge the presumption that Dunham was before 4. the grand jury in order to overthrow the finding and judgment. So far as our decision must be based on presumptions, only those which tend to uphold the action of the trial court can be indulged.

The finding is sustained by sufficient evidence, and is not contrary to law.

The judgment is affirmed.

Myers, Townsend, JJ., absent.