HARITO v. STATE OF INDIANA.

[No. 24,272.   Filed October 12, 1923.]

1. CRIMINAL LAW.—*Appeal.—Briefs.—Sufficiency.*—When appellant assigns, as grounds for new trial that the finding of the court is not sustained by sufficient evidence, it is incumbent upon him to point out in his brief wherein the evidence is insufficient to prove the charges against him.   p. 518.

2. CRIMINAL LAW.—*New Trial.—Insufficient Evidence.—Question of Law.*—The insufficiency of the evidence to support the finding of the court does not become a question of law unless there is an entire absence of evidence on some one or more of the material elements of the crime charged.   p. 518.

3. CRIMINAL LAW.— *Appeal.— Review.— Presumptions.*— Every reasonable presumption is indulged in favor of the correctness of the judgment of the trial court.   p. 518.

4. CRIMINAL LAW.—*Appeal.—Review.—Weighing Evidence.*— The court on appeal will not weigh conflicting evidence, and the evidence favorable to the appellant will be entirely disregarded if there is evidence sufficient to sustain the finding of guilty.   p. 519.

5. CRIMINAL LAW.—*Appeal.—Review.—Consideration of Evidence.*—Under an error assigned that the evidence is insufficient to sustain the verdict, only that evidence which is favorable to the finding of the court, with inferences and conclusions to be drawn therefrom, will be considered.   p. 519.

From Marion Criminal Court (53,406) ; *Charles S. Wiltsie*, Special Judge.

*Joseph T. Markey*, for the appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

TRAVIS, J.—This is a prosecution for a violation of the Prohibition Law, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921, based upon an affidavit which contains six counts, one of which charges the sale of whisky to a person named therein. Trial was had before the court without the intervention of a jury upon appellant's plea of not guilty. Judgment of fine and imprisonment followed a general finding of guilt.

Appellant brings this appeal and assigns as error the overruling of his motion for a new trial, the causes for which were that the finding of the court is contrary to law and the finding of the court is not sustained by sufficient evidence.

Appellant fails to point out in his brief wherein the evidence is insufficient to prove every material element in proof of the charge against him. This is incumbent upon appellant to do. The insufficiency of the evidence to support the finding of the court does not become a question of law unless there is an entire absence of evidence on some one or more of the material elements in proof of the charge. *Krstovich* v. *State* (1917), 186 Ind. 556, 117 N. E. 209; *Weigand* v. *State* (1912), 178 Ind. 623, 99 N. E. 999; *McCarty* v. *State, ex rel.* (1904), 162 Ind. 218, 70 N. E. 131. On the contrary it is shown in the narration of the evidence in appellant's brief that appellant sold to the person named in the affidavit one quart of whisky as charged therein. The only support by appellant for his contention that the evidence is insufficient to support the finding is an argumentative denial in the brief appearing in the argument based upon appellant's evidence in denial of the sale charged. Every reasonable presumption is indulged in favor of the correctness of the judgment of the trial court. *Campbell* v. *State* (1897), 148 Ind. 527, 47 N. E. 221.

Appellant claims that the evidence in his behalf is

so clear and positive in its denial of the evidence of his guilt that it is sufficient to overthrow the evidence of the state. The court on appeal will not weigh conflicting evidence, and, further, the evidence favorable to the appellant will be entirely disregarded if there is evidence sufficient to sustain the finding of guilty. *Small* v. *State* (1921), 190 Ind. 406, 130 N. E. 401.

Under an error assigned that the evidence is insufficient to sustain the verdict, only that evidence which is favorable to the finding of the court, with inferences and conclusions to be drawn therefrom, will be considered; and the court will not consider any evidence contrary thereto. *Lee* v. *State* (1921), 190 Ind. 531, 131 N. E. 3; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; *Applegate* v. *State* (1914), 182 Ind. 266, 106 N. E. 370.

The finding of the court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

Townsend, J., absent.