## BROWN v. STATE OF INDIANA.

[No. 24,648. Filed April 2, 1925.]

1. INTOXICATING LIQUORS.—*Evidence of maintaining nuisance held sufficient.*—Evidence tending to show the keeping of a cafe and soft drink parlor where liquors were brought by patrons and drank upon the premises and were also sold by waitresses, considered and held sufficient to sustain a verdict of guilty of maintaining a nuisance in violation of §8356t Burns' Supp. 1921, §20, ch. 4, Acts 1917 p. 15.    p. 78.

2. INTOXICATING LIQUORS.—*Proof of sale not necessary to convict for keeping a place resorted to for drinking.*—Proof that a proprietor of a place sold intoxicating liquor is not necessary to establish his guilt of the offense of keeping a place resorted to for the purpose of drinking it.    p. 79.

3. INTOXICATING LIQUORS.—*Police officer in charge of district qualified to give proof of reputation of a place.*—A witness who testified that as a policeman he was for two months in charge of the district in which was located a building alleged to be maintained as a place where liquor was sold and drank on the premises, and that he was acquainted with the general reputation of those premises in the neighborhood, is qualified to testify of the reputation of the place, even though he had had but one specific complaint concerning it.    p. 79.

4. CRIMINAL LAW.—*Objections to evidence must be presented to trial court.*—A party cannot successfully urge on appeal objections to evidence not made and overruled in the trial court.    p. 79.

From Marion Criminal Court (55,829) ; *James A. Collins,* Judge.

Edward Brown was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes* and *Garth B. Melson,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

EWBANK, J.—Appellant was found guilty on the second count of an indictment, which charged that on, etc., he "did then and there unlawfully maintain and assist in maintaining a common nuisance, to wit, a room

\* \* \* and place where intoxicating liquors were then and there \* \* \* sold \* \* \* and delivered in violation of the laws of this state, and where persons were then and there, permitted to resort for the purpose of drinking said intoxicating liquors as a beverage, and the said defendant did then and there keep intoxicating liquors in, and use the same in maintaining said place, contrary," etc. Overruling his motion for a new trial is the only error assigned.

Appellant insists that the finding is not sustained by sufficient evidence. There was evidence that the defendant (appellant) owned and operated the Blue Ribbon Cafe, where he served food and soft drinks and the patrons danced, in a room on the third floor of a building in Indianapolis; that he employed two waitresses and a cashier, and had operated the place since when the weather was warm the previous summer; that on the evening before Thanksgiving day, in 1923, a party of three men and a woman visited the place and sat together at a table, and one of the men had a bottle of whisky that he took out of his pocket, from which "the boys" drank liquor, that is, the owner of the whisky and the party with him; that the one who had the bottle "mixed a drink" with soda-water obtained there; that he set the bottle on the floor, and there was a flat "whisky bottle" at the next table on the floor; that the bottles were flat and would hold about half a pint; that one person there that night was under the influence of liquor; that when the waitresses brought soft drinks to the customers they told them to be careful of the liquor; that a man bought liquor there that night from a waitress, and paid her a dollar for it; that he brought a bottle of "white mule" liquor there in his pocket, and also bought a bottle of it there; it was in a pop bottle and the party at the table drank it; that during November and December, 1923, defendant

told witnesses that he ran the place, and he had signs
on the door advertising the Blue Ribbon as a good place
to come to have lots of fun; that six months before the
trial, which was held January 25, 1924, a witness also
bought liquor from a waitress, there; that the waitress
who sold the whisky in November was not present at
the trial; that one of the waitresses employed there had
gone away to Chicago about three weeks before the trial
just after defendant was arrested on this charge; that
on many nights in November and December, 1923, there
would be twenty-five or thirty people at a time in the
cafe, and defendant had a "bar tender" there to whom
he paid $25 per week for five hours work each night,
who sold "soft drinks"; that the place opened about
half past nine each evening, and closed at 1:30, so that
the people all left by two o'clock in the morning.   And
that the cafe had the reputation of being a place re-
sorted to for the purpose of drinking intoxicating liquor.
This evidence sufficiently supports the inference which
the jury drew that appellant knowingly kept a place
where people were permitted to resort for the purpose
of drinking intoxicating liquor as a beverage in viola-
tion of the statute declaring such a place to be a nui-
sance.   §8356t Burns' Supp. 1921, §20, Acts 1917 p.
15.   See *Lewinsohn* v. *United States* (1921), 278 Fed.
421, 425.

Proof that the proprietor of such a place sold intoxi-
cating liquor there is not necessary in order to establish
his guilt of the offense of keeping a place re-
2.   sorted to for the purpose of drinking it.   *Shelton*
v. *State* (1921), 191 Ind. 228, 231, 132 N. E. 594.

A witness who testified that during the months of No-
vember and December, 1923, as a member of the police
force, he had charge of the district in which de-
3, 4.   fendants' said place was located, and that he was
acquainted with the general reputation of those

premises in that neighborhood as to whether or not the place was resorted to for the purpose of drinking intoxicating liquor as a beverage, was permitted to testify that such reputation was "bad." The only objection offered to the admission of this evidence was that the witness had not sufficient basis for giving testimony as to general reputation, and appellant admits in his brief that the testimony was admissible for some purposes, such as proving defendant's knowledge of what was done in his establishment or his intent in doing what he did, if the witness was competent to testify on that subject. There are decisions in other jurisdictions that so hold. *State* v. *McNeill* (1921), 182 N. C. 855, 109 S. E. 84; *Hill* v. *State* (1924), 224 Pac. (Okla. Cr. App.) 736. A party cannot successfully urge any objections to evidence, on appeal, except those which were made and overruled in the trial court. *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 159, 114 N. E. 636; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 407. The specific objection made at the time this evidence was admitted was that "the witness testified that he had had only one complaint, and that is not sufficient on which to base general reputation." The objection was not well taken. A person might know much about the reputation of a place or a person not derived from the complaints he received. Witnesses must obtain their knowledge from the same sources and in much the same way to qualify them to testify as to reputation, whether they testify that it is good or that it is bad, and, obviously, a witness need not have received more than one complaint to qualify him to say that the reputation was good. The witness, being shown to have had close and intimate knowledge of the neighborhood, and having testified that he was acquainted with the general reputation in that particular local-

ity, was not made ineligible to state what that reputation was, by reason of the few complaints he had received. That went to the weight of his testimony only, not to its competency. As to the effect of such evidence, being admitted, in addition to the decisions cited above, see *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554, and authorities there cited.

The judgment is affirmed.