SIMPSON ET AL. v. STATE OF INDIANA.

[No. 24,787. Filed October 6, 1925.]

1. CRIMINAL LAW.—*The "argument" in a brief on appeal not part of brief.*—The "argument" appended to a brief in support of the "points" made therein concerning the errors assigned on appeal is not a part of the brief. p. 500.

2. CRIMINAL LAW.—*A brief on appeal must contain "points" with authorities to sustain them, without argument in connection therewith.*—Under the rules of the Supreme Court, a brief on appeal must contain "points" or propositions with authorities to sustain them, without argument in connection therewith. p. 500.

3. CRIMINAL LAW.—*On appeal on ground of insufficiency of evidence, appellant must point out wherein evidence does not prove some material element of crime.*—One appealing from a conviction on the ground that the finding is not supported by the evidence must point out wherein the evidence is insufficient to prove some material element of the crime charged. p. 500.

4. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain charge of unlawfully transporting liquor in automobile.*—Evidence showing that defendants came to the home of one S. in a closed automobile, entered the yard and passed to the side of the house; that upon learning that policemen were inside the house, they ran to the alley in the rear, parted, and continued running, even after a shot was fired and they knew the officers were chasing them; that one of them then removed a gallon jug of whisky from under his clothing and broke the jug, but an officer picked up parts of the jug with some of the liquor therein, was sufficient to support a charge of unlawfully transporting liquor in an automobile. p. 500.

From Marion Criminal Court (56,157); *W. W. Thornton,* Special Judge.

Louis Simpson and Clifford Ventres were convicted of unlawfully transporting intoxicating liquor in an automobile, and they appeal. *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson* and *Harry Raitano,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellants were prosecuted and convicted for unlawful and felonious transportation of intoxicating liquor in an automobile.   Acts 1923 p. 108.

The proposition presented under the error assigned is that the finding of guilty by the court is not sustained by sufficient evidence upon every material element necessary to constitute the commission of the crime. The brief contains no point whatever or citation of authorities in support of the proposition.   The argument in support of the proposition of error presented, and appended to the brief, is based upon the statement that there is "absolutely no evidence to support the respective findings."   The whole evidence, as presented by the bill of exceptions, has been carefully read and considered, and, in the opinion of the court, is not subject to the charge made against it.

The *argument* appended to the brief in support of the points made concerning the alleged errors is not a part of the brief.   Supreme Court Rule No. 24;

1. *Gwinn* v. *Hobbs* (1917), 72 Ind. App. 439, 118 N. E. 155.

    The brief itself must contain the points with
2. authorities to sustain them, without argument. Supreme Court Rule No. 22, cl. 5.

It is the duty of an appellant to point out wherein the evidence is insufficient to prove some material element in proof of the crime charged to overthrow the
3. finding because of insufficient evidence.   *Harito* v. *State* (1923), 193 Ind. 517, 141 N. E. 57.

By appellants' evidence, which is undisputed, they came to the home of one Scott, in a Maxwell closed automobile, which was afterward returned to its
4. owner, who was the wife of appellant Ventres' employer.   They both entered the yard of Scott's premises and passed to the side of the house.   While so passing, they saw and heard policemen in the house,

and ran through the lot to the alley in the rear, parted, and continued running, even after a shot was fired and they had seen the officers chasing them. The officers gave further evidence that they saw the Maxwell closed automobile drive up to the house of Scott and stop while they were inside making a search, and when they saw appellants walk by the window, one of them went out and saw appellants within ten feet of them. Appel-- lants ran to the alley and separated. Simpson turned to the left in the alley and removed a gallon jug of whisky from under his clothing and broke the jug on a large stone. The officer picked up parts of the jug with some of the liquor saved, which he testified was whisky. Simpson was arrested some distance up the alley, and Ventres the day following. The evidence is not subject to the broad charge made by appellants in the argument of their counsel.

The evidence is sufficient to sustain the finding of guilty, and is not contrary to law.

Judgment affirmed.