## DARNELL v. STATE OF INDIANA.

[No. 25,015. Filed March 10, 1926.]

1. INTOXICATING LIQUORS.—*Under prohibition law of 1917, search warrant might be issued by justice of the peace to sheriff of county.*—Although a justice of the peace had authority, under §1917 Burns 1926, §1717 Burns 1914, to appoint a special constable to serve a search warrant, in the absence of a regular constable, this did not preclude the issue of a search warrant directed to the sheriff of the county as authorized by §25 of the prohibition law of 1917 (§8356y Burns' Supp. 1921). p. 365.

2. CRIMINAL LAW.—*Not Supreme Court's duty to search for reasons for reversing a judgment not suggested by appellant.*— It is no part of the duty of the Supreme Court to search out reasons for reversing a judgment not suggested by appellant. p. 365.

From Elkhart Superior Court; *William B. Hile,* Judge.

Henry C. Darnell was convicted of unlawfully transporting intoxicating liquor in an automobile, and he appeals. *Affirmed.*

*Guy W. Dausman,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

EWBANK, C. J.—An indictment was returned against appellant, the fourth count of which charged that he unlawfully and feloniously transported intoxicating liquor in an automobile. He was found guilty on the fourth count, and judgment was rendered accordingly. The only question for decision discussed or even suggested in his brief is whether or not the sheriff of Elkhart county and his deputies had authority to execute a search warrant (not otherwise challenged) which a justice of the peace had issued, upon the filing of a proper affidavit, the warrant being addressed, "To the Sheriff of Elkhart county or any constable of said county, or to the Superintendent and any member of the Metropolitan Police Force of the city of Elkhart." Statutes then in force provided that search warrants for stills and distilling apparatus kept for the manufacture of intoxicating liquor in violation of the laws of this state, and for intoxicating liquor being sold, etc., in violation of such laws, might be issued by a justice of the peace, mayor or judge, "to any officer having power to serve criminal processes." Acts 1917 p. 15, §25, §8356y Burns' Supp. 1921. And appellant has not only failed to suggest any reason for not deeming that statute decisive of the question under consideration, but he does not even mention its existence in his brief, citing as the only authority for his contention the language of §1727 Burns 1914 (§1917 Burns 1926, 2 R. S. 1851 p. 471, §110), which empowers justices of the peace to appoint special constables in particular causes "whenever there is no constable convenient." Even after the brief on behalf of the state, filed by the attorney-general, had called attention to the language of §25, *supra,* no reply brief was filed, and when the cause was set down for oral argument, at appellant's request, nobody appeared on his behalf to make an argument.

The mere fact that a justice of the peace has power

to appoint a special constable, under the provisions of a statute enacted seventy-five years ago, could **1, 2.** not invalidate a search warrant issued and served in exact conformity with the provisions of a recent statute. And no objections to the recent statute being pointed out, and it being no part of the duty of this court to search out reasons for reversing a judgment not suggested by the appellant, we shall content ourselves with saying that the authority conferred upon a justice of the peace by law, in 1852, to appoint a special constable, does not forbid him to issue a warrant to a sheriff, for service, under authority of a later statute.

The judgment is affirmed.