## Tow *v*. State of Indiana.

[No. 24,581.   Filed May 11, 1926.   Rehearing denied October 7, 1926.]

1. CRIMINAL LAW.—Assignments of error on appeal which are not based on any ruling of the trial court are such in name only.  p. 255.

2. CRIMINAL LAW.—Errors assigned on appeal are waived when not stated in the "Points and Authorities" part of appellant's brief and supported by argument or authorities.  p. 255.

3. CRIMINAL LAW.—*Statements in motion to set aside the filing of amended affidavit held insufficient to present any question.*— Statements in a motion to set aside the filing of an amended affidavit that, at the time of filing, there was no qualified judge, and that the file mark thereon was affixed by another than the clerk, are statements of fact, which, though in writing, are insufficient to disturb the record in a cause otherwise regular on its face.  p. 255.

4. CRIMINAL LAW.—*Accused not entitled to notice of filing of amended affidavit.*—An accused is not entitled to notice of the filing of an amended affidavit charging the offense, and the fact that he was not present or notified of such filing is not sufficient reason for setting aside the filing.  p. 255.

5. INDICTMENT.—*Amended affidavit charging other offenses than charged in original affidavit not invalid.*—That an amended affidavit on which the prosecution is based charges offenses not charged by the original affidavit and was made by a different person is no ground for quashing the affidavit (§2227 Burns 1926, §2065 Burns 1914).  p. 256.

6. CRIMINAL LAW.—*Filing amended affidavit held harmless.*— The filing of an amended affidavit charging the offense before defendant's plea to the original could not have been harmful although it charged several violations of the prohibition law that were not included in the original affidavit, where both charged a sale of intoxicating liquor and the evidence was limited to proof of such sale.  p. 256.

7. INDICTMENT AND AFFIDAVIT.—*Prosecuting attorney's indorsement on affidavit waived.*—Prosecuting attorney's failure to indorse his approval on an amended affidavit as required by §2151 Burns 1926, §1990 Burns 1914, is waived by not presenting the matter to the trial court.  p. 257.

8. JUDGES.—*Filing of special judge's appointment and oath and entry thereof on order-book before beginning of trial held compliance with the statute.*—Since the statute does not specify that the order appointing a special judge and his oath of office shall be filed with the clerk at any specific time, where

the appointment was made and he qualified by taking the oath of office before taking any action in the case, an objection to his acting therein was properly overruled although the order for his appointment and his oath of office were not filed with the clerk until the beginning of the trial. p. 257.

9. CRIMINAL LAW.—Objection to filing appointment of special judge on the day set for the trial of the cause instead of on the day the appointment was made will not be considered on appeal in the absence of a bill of exceptions showing that allegations of fact therein were true. p. 259.

10. CRIMINAL LAW.—Motion in arrest of judgment for any other reason than those specified in §2326 Burns 1926, §2159 Burns 1914, presents no question. p. 259.

11. CRIMINAL LAW.—Assigning as error the overruling of a motion in arrest of judgment for reasons other than those stated in the motion presents no error. p. 259.

12. CRIMINAL LAW.—*Requirements of brief to question sufficiency of evidence.*—An appellant seeking the reversal of a judgment because the finding of the court was not sustained by sufficient evidence must point out in his brief, under the heading "Points and Authorities," wherein the evidence is insufficient to prove some material element of the crime charged. p. 259.

13. CRIMINAL LAW.—A new trial will not be granted for newly-discovered evidence that is merely cumulative or that would not probably change the result. p. 260.

From Lawrence Circuit Court; *James B. Wilson,* Special Judge.

Henry Tow was convicted of violating the Prohibition Law, and he appeals. *Affirmed.*

*Robert C. Brown,* for appellant.

*U. S. Lesh,* Attorney-General and *O. S. Boling,* for the State.

TRAVIS, J.—Appellant appeals from a judgment on a finding of guilty of violation of the prohibition law, and assigns as errors the action of the court in: (a) Overruling his motion to set aside the filing of the amended affidavit; (b) overruling his motion to quash the amended affidavit; (c) overruling appellant's written objection to entering upon the trial on the day the

cause was specially set for trial; (d) overruling his objection to the filing of the written appointment of the special judge; (e) overruling his motion in arrest of judgment; and (f) overruling his motion for a new trial, because of insufficient evidence to sustain the finding and of newly-discovered evidence.

There were many other assignments of error, some of which were such only in name and not in fact, for the reason that these were not based upon any ruling of the trial court. Other assigned errors were waived because they were not presented by way of propositions or points of law. In this class, herein deemed as waived, no presentation was made other than to set out as a proposition or point the numbered error relied upon without any statement or authority connected with such assignment of error.

Several offenses in violation of the prohibition law are alleged in an amended affidavit composed of three counts. The trial was by the court, which resulted in a general finding of guilty and a judgment upon the finding which imposed a fine and imprisonment. Appellant's objection to the filing of the amended affidavit, as shown by his written motion, is based upon his contention that at the time of the filing of the amended affidavit and the noting on the docket of the court, of the amended affidavit filed, there was no qualified judge sitting in the cause, and that the amended affidavit was filed in the absence of the defendant or his counsel, and that the amended affidavit was not marked filed by the clerk of the court, but by some other person who used the rubber stamp of the clerk, and, with the same, stamped the affidavit as filed. Appellant's motion for a change of venue from the judge had been granted and, under the regular statutory procedure, the name of the special judge in this cause who tried the case, remained after the striking

out of the names presented by the regular judge by both the state and the defendant. The statement that there was no qualified judge sitting at the time of the filing of the amended affidavit is a question of fact, as is also the statement that the file mark on the amended affidavit was placed thereon by some person other than the clerk, who used the clerk's rubber stamp for such purpose. There is no bill of exceptions in the record to show that any evidence was submitted in proof of these allegations. Neither is the motion itself verified. A statement of fact, although in writing, by a defendant is insufficient to disturb a record in a cause otherwise regular upon its face. The fact that the amended affidavit was filed with the court in the absence of the defendant or his counsel is not shown to have been harmful, even if taken for granted without proof that defendant and his counsel could have been notified and could have appeared when the amended affidavit was offered to be filed. We cannot see how it would be any more harmful to a defendant to have an amended affidavit filed in his absence than it is to have an original affidavit filed in his absence, which is the custom almost without exception. One charged with an offense by way of an indictment is not given notice to come into court so that he may be there to object to its filing when returned by the grand jury. The same rule must apply to an affidavit which charges an offense. This error as presented by appellant's brief is not well taken and the motion was properly overruled.

The motion to quash the amended affidavit is based upon the alleged fact that the second and third counts of the amended affidavit state offenses which 5, 6. were not charged against the defendant by the original affidavit, and for the further reason that the amended affidavit was not by the same person who made the original affidavit. This is not a reason why

Tow v. State—198 Ind. 253.

an affidavit which charges an offense should be quashed. §2227 Burns 1926, §2065 Burns 1914. However, upon the merits of appellant's contention, he has not shown that he has been harmed because an amended affidavit had been filed with the court before his plea to the original affidavit, which amended affidavit charged several offenses against the prohibition law, whereas the original affidavit charged but one offense. The original affidavit and the second count of the amended affidavit charged the sale of intoxicating liquor. The only evidence produced upon the trial in support of the crimes charged was that appellant unlawfully sold intoxicating liquor. There was no evidence whatever of the commission of the other offenses charged. It has heretofore been held that an amended affidavit need not be signed by the same person who signed the original affidavit. *Malone* v. *State* (1913), 179 Ind. 184, 100 N. E. 567.

Appellant also makes the propositions and points that the amended affidavit was not indorsed "approved by me" by the prosecuting attorney as required by law. This is the first time this question has been presented in this case by appellant. Because he did not present this question to the trial court, he waived this omission as required by the statute, and he therefore cannot be heard to complain upon appeal for the first time.

Appellant makes the point under his objection to entering upon the trial of the cause on the day set for trial, that the special judge who was appointed to try the cause had not qualified at the time he set this cause for trial, and that the setting of the cause for trial was void. Appellant says by his written objection in this behalf that the trial judge was not legally appointed on the day that he set this cause

specially for trial at a later time; and that he was not appointed in writing as such special judge until the day upon which the trial had been set to begin.  This written objection is not verified, neither is there a bill of exceptions of any evidence in proof of the allegations.  A search of the record shows that the order-book of the court had recorded therein the written appointment of the special judge by the regular judge, and the oath of the special judge as required by law, which appointment was made on the day that the special judge set this cause for trial, but that such written appointment and oath were not filed until the day upon which the cause came on for trial.  The statute required that such special judge shall be qualified as other judges, and that his appointment and oath shall be filed with the clerk and entered on the order-book.  The statute does not specify at what particular time such appointment and oath shall be filed with the clerk.  In the case at bar, the record clearly shows that the appointment of the special judge and his oath of office were made prior to the setting of this cause for trial, which is the thing complained of here.  The appointment of the special judge and his oath were filed with the clerk and entered on the order-book according to the record prior to the beginning of the trial of the cause.  Inasmuch as the statute does not specify the particular time at which such appointment and oath shall be filed with the clerk, and inasmuch as appellant has not shown that he was harmed because the appointment and oath were not filed with the clerk and entered upon the order-book on the day on which such appointment was made and oath taken, we cannot hold that such appointment of the special judge and his oath were not filed with the clerk and entered on the order-book as provided by law. The action of the court in overruling appellant's written objection was not error.    Acts 1923, ch. 116, p. 312.

Appellant's objection to the filing of the written appointment of the special judge on the day at which the cause was set for trial, instead of being filed upon the day when the written appointment was made, is set forth in his written objections and is based upon questions of fact, which do not appear in the record. The motion is not verified and there is no bill of exceptions pertaining to this error to show that the allegations of fact were supported by evidence. This alleged error will not be considered for the same reason that other alleged errors not supported by bill of exceptions were not considered.

Appellant makes two points under his alleged error of the court in overruling his motion in arrest of judgment. The first objection is not a reason for an arrest of judgment as provided by the statute. §2326 Burns 1926, §2159 Burns 1914. The second point urged in his points and propositions is not a reason mentioned in the motion in arrest of judgment. No error is presented by this assignment of error.

Appellant by his brief in support of his motion for a new trial makes the point under the reason that the finding is not supported by sufficient evidence that there must be some evidence that tends to prove the appellant guilty of one or more of the charges of the affidavit. And where it appears upon appeal that there is no evidence to support a material fact necessary to sustain the finding, the judgment will be set aside. This point is based upon a mere abstract statement of law and does not point to any deficiency in the evidence to sustain any one of the material facts necessary to sustain the finding. If the appellant desired a review of this case as presented by this alleged error, it was his duty to point out in the points or propositions in his brief wherein the evidence

is insufficient to prove some material element in proof of the crime charged, to overthrow the finding because of insufficient evidence. *Simpson* v. *State* (1925), 196 Ind. 499, 149 N. E. 50.

Appellant under his motion for a new trial claimed that new evidence had been discovered that would probably change the result of the finding should another trial be granted. No point or proposition is made under this assignment of error. Appellant attempts by the argument which is appended to his brief, to show to the court on appeal the real point of his newly-discovered evidence. A reading of the argument merely shows, together with a reading of the record, that the newly-discovered evidence is merely cumulative of evidence given by many witnesses at the trial. It is not shown even by the argument that if such new evidence could be admitted at a re-trial of the cause, that it would change the result reached by the finding in this case. The showing under the reason for a new trial of newly-discovered evidence should be so strong that if the new evidence were admitted it would probably change the result on a new trial. *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996. It has many times been held by this court that a new trial will not be granted to procure new evidence that is merely cumulative. *Rinkard* v. *State* (1901), 157 Ind. 534, 62 N. E. 14.

No error is presented by the action of the trial court in overruling appellant's motion for a new trial.

Judgment affirmed.