## NELSON *v.* STATE OF INDIANA.

[No. 24,999.   Filed October 5, 1928.]

*Hyman M. Cohen* and *Ibach, Gavit, Stinson & Gavit,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—Appellant was convicted of maintaining a common nuisance in violation of the laws of the State of Indiana, Acts 1925 p. 144, §24. The errors assigned challenge the rulings of the court on the motion to quash the search warrant and to suppress certain evidence and in overruling appellant's motion for a new trial. The assignment of error is: (1) That the court erred in overruling appellant's motion and petition to suppress certain evidence and quash the search warrant; (2) the court erred in overruling appellant's motion for a new trial. The first alleged error is not properly assigned. The action of the court in overruling a motion to suppress evidence must be specified as a reason for a new trial under the first subdivision of §2325 Burns 1926. The action of the court in overruling appellant's motion and petition to suppress evidence and quash the search warrant cannot be assigned as an independent error on appeal. *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829.

Specifications Nos. 1, 2 and 3 of appellant's motion for a new trial allege that the court erred in overruling defendant's motion to suppress all the evidence obtained by virtue of the search warrant and in refusing to sustain the motion of defendant to quash the search warrant. The motion alleged that the description of the premises in said search warrant was too vague, indefinite and too

uncertain and that the prosecuting attorney, federal officers and other officers concerned in said search and seizure, the names of whom are unknown to this affiant, took the said property and are now holding the same, and that the said property is being unlawfully held and detained in violation of defendant's rights under the Constitution of the United States, and of the State of Indiana. That said prosecuting attorney purposes to use said chattels and said liquid so seized as evidence against this affiant unless the court suppress all evidence so seized illegally and that anything there found, heard and learned, while making said illegal search and seizure, be suppressed as evidence against this affiant.

The state filed an answer in general denial to this motion. Evidence was heard by the court on the motion and after the consideration of such evidence, the court overruled the motion.

In *Chappelle* v. *State, supra,* the court held that whatever error, if any, the trial court may have committed in overruling a motion to suppress evidence, and thereafter admitting such evidence against appellant, should be specified as a cause for a new trial under the first subdivision of §2825 Burns 1926, as being an irregularity in the proceedings by which the complaining party was prevented from having a fair trial, and not as an independent error. That the action of the trial court in overruling a motion was erroneous can only be established on appeal by presenting a record affirmatively showing the existence of facts which imposed a duty to sustain the motion. Averments in the motion itself cannot be accepted as establishing the truth of what is therein stated, where it appears, as it does here, that evidence was heard on which the court acted in overruling the motion.

The appellant also urges, as a third specification in the motion for a new trial, that the court erred in admitting

in evidence over the objection of the defendant, the evidence of what was found, seen or heard on the premises of the defendant at the time the search was made, on April 14, 1925, to which ruling of the court the defendant duly excepted. This error, if any, is waived by the failure of the appellant to point out in his brief the pages and lines of the transcript where such error may be found as required by the fifth clause of Rule 22 of the Supreme Court.

In *Thompson* v. *State* (1925), 196 Ind. 229, 147 N. E. 778, it was held that a search warrant describing the place to be searched as the building and all outbuildings commonly known as No. 30 Lower Third Street in the city of Evansville, authorized the search of all parts of the building at No. 30 Lower Third Street. In the instant case, the search warrant directs the officers to search a certain house, store or building in this district, to wit: soft drink bar, residence, storeroom, upper floors and basement in two-story brick building, and outbuildings in the rear thereof, at 3424 Pennsylvania Avenue, in the city of East Chicago, Indiana, being the premises of John Doe, whose true name is unknown. Under the ruling in the Thompson case, *supra*, the description in the search warrant in the instant case is sufficient.

The appellant relies on *Thompson* v. *State* (1926), 198 Ind. 496, 154 N. E. 278, in support of his proposition that the court erred in overruling his motion to quash the search warrant. But the appellant is not sustained in such contention because, in *Thompson* v. *State* (198 Ind. 496), the evidence of the officers who participated in the raid, pertaining to the description of the building at 29 Mary Street, was that it was an old residence containing ten rooms; that it was owned by appellant who was a widower, and he occupied two rooms and the others were let out to different families. The testimony shows

that the officers searched only the two rooms, which the woman they had found in the building said were occupied by the appellant. There were four apartments in the house not including the rooms occupied by this appellant. They had separate gas meters for each apartment and, according to this evidence, it is clear that the appellant was not the occupant of the premises sought to be searched at 29 Mary Street. The evidence shows that the occupants were different and that the appellant had no control over the rooms in said apartment house except the ones in which he lived.

While, in the instant case, it does not appear that the appellant did not have control of the other occupants and the entire premises. The appellant, himself, testified, upon the motion to quash the search warrant, that he leased the lower floor; but, from all that appears in the evidence, he may have leased the whole building and the occupants of the other rooms in said building may have occupied said rooms under lease from him and he may have had control and possession of the entire premises. It will be observed that he said that he had several boarders and that two of them were roomers in his house. From this evidence we cannot say that the court erred in overruling the motion to suppress evidence procured by such search warrant.

It is held in *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697, that errors assigned on appeal are waived when not set out in the "Points and Authorities" part of appellant's brief, and supported by authorities. The appellant has therefore waived objections assigned as error in specifications Nos. 1, 2 and 3 of his motion for a new trial.

Specification No. 4 in said motion is expressly waived by appellant in his brief, and the two remaining specifications are, that the finding of the court is contrary to

law and the finding of the court is not sustained by sufficient evidence.

An appellant seeking a reversal of a judgment because the finding of the court was not sustained by sufficient evidence must, in the "Points and Authorities" part of his brief, point out wherein the evidence is insufficient to prove some material element of the crime. In *Simpson* v. *State* (1925), 196 Ind. 499, 149 N. E. 50, the court says it is the duty of an appellant to point out wherein the evidence is insufficient to prove some material element in proof of the crime charged to overthrow the finding because of insufficient evidence. See, also, *Harito* v. *State* (1923), 193 Ind. 517, 141 N. E. 57.

In *Harito* v. *State, supra,* the court says:

> "Appellant brings this appeal and assigns as error the overruling of his motion for a new trial, the causes for which were that the finding of the court is contrary to law and the finding of the court is not sustained by sufficient evidence. Appellant fails to point out in his brief wherein the evidence is insufficient to prove some material element of the crime. This is incumbent upon appellant to do. The insufficiency of the evidence . . . does not become a question of law unless there is an entire absence of evidence of some one or more of the material elements in proof of the charge."

In *Darnell* v. *State* (1926), 197 Ind. 363, 151 N. E. 4, the court says it is no part of the duty of the Supreme Court to search out reasons for reversing the judgment not suggested by appellant.

It is urged that in order to sustain a conviction in a criminal case upon circumstantial evidence, the evidence must be of a conclusive character and must exclude every reasonable hypothesis of innocence. *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822.

Appellant seems to have misconstrued the decision in

*Henry* v. *State, supra.* In that case, the court says: "Circumstantial evidence in order to sustain a conviction of a criminal offense must be of a conclusive character and must exclude every reasonable hypothesis of innocence of the accused. *Falk* v. *State* (1914), 182 Ind. 317, 106 N. E. 354; *Thain* v. *State* (1914), 182 Ind. 345, 106 N. E. 690; *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489; *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235. This court has held that the above rule is for the guidance of the trial court, and has also held that where circumstantial evidence is such that two conflicting inferences may be reasonably drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the court on appeal to determine which inference ought to control. *Lee* v. *State* (1901), 156 Ind. 541, 546, 60 N. E. 209; *Howard* v. *State* (1921), 191 Ind. 232, 237, 131 N. E. 403; *Lee* v. *State* (1922), 191 Ind. 515, 519, 132 N. E. 582; *Rosenberg* v. *State* (1922), 192 Ind. 485, 488, 137 N. E. 53."

The finding is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.