POLAND *v.* STATE OF INDIANA.

[No. 13,782. Filed June 7, 1929.]

*Ira M. Holmes,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

NICHOLS, J.—Prosecution by the State against appellant by affidavit on June 18, 1928, in the municipal court of Marion county. Said affidavit was in five counts, each of which charged appellant with violation of the liquor law of the state.

Appellant entered his plea of not guilty and, upon trial in the municipal court, was convicted, and thereupon appealed to the criminal court of Marion county. In criminal court, the cause was tried without the intervention of a jury, and appellant was convicted on the fifth count of said affidavit, which charged maintaining a nuisance, to wit, a room and house where intoxicating liquors were manufactured, sold, bartered and given away contrary to the statute. From the judgment of the criminal court, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the court's action in overruling his motion for a new trial, under which he presents that the finding of the court is not sustained by sufficient evidence and that it is contrary to law.

Appellee forcefully presents that the bill of exceptions containing the evidence is not in the record, and that, therefore, no question is presented, but we conclude to ignore this question and decide the appeal on the facts as they appear in the evidence.

The undisputed evidence is that appellant operated the place here involved, No. 18 South Capitol avenue, Indianapolis, which was a pool room; that three or four men came out of the place, intoxi-

cated, after midnight, June 18, 1928; that a bottle of "mule" whisky was found in the rear of the room, as well as some glasses, and that in the adjoining basement of this place and connected therewith by two doors, one locked on the No. 18 side, which was the number of the place in question, and the other not locked from the other side, about seven gallons of alcohol, three funnels, one bottle of coloring, ten empty whisky bottles, twelve empty gallon cans, six empty five-gallon cans and twenty-five paper cartons for holding pints and half pints and also a small bottle of gin, were found by the officers; that no other entrance to the adjoining basement except from the basement under No. 18 was found; that it was reputed to be a place where persons were permitted to resort for the purpose of unlawfully drinking intoxicating liquor, and that appellant testified in municipal court that he was the proprietor of the place. Appellant did not testify himself in the criminal court nor did he offer any testimony. We hold that this evidence, taken as a whole, together with the reasonable inferences to be drawn therefrom, is sufficient to sustain the finding.

There is ample evidence to justify the court's finding that appellant was maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage. This is sufficient to sustain the prosecution for maintaining a liquor nuisance, and the fact that appellant was not present at the time the raid was made and that the proof did not show that he himself sold intoxicating liquors would not prelude a conviction, it being shown by the evidence that he was the proprietor of the place and maintained it for the unlawful purpose aforesaid. *Shelton* v. *State* (1921), 191 Ind. 228, 132 N. E. 594; *Brown* v. *State* (1925), 196 Ind. 77, 147 N. E. 136.

If it may be said from the evidence that any inference may be drawn therefrom other than that of the guilt of

appellant, still that was for the trial court, and this court will not disturb any inference drawn by such court if there was any evidence to sustain it. *Nelson* v. *State* (1928), 200 Ind. 292, 163 N. E. 95. Judgment affirmed.