## DEERY *v.* STATE OF INDIANA.

[No. 25,287. Filed January 30, 1930. Rehearing denied June 25, 1930.]

*Walterhouse & Miller, Edward Templer* and *Clarence E. Benadum,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of having transported, on or about October 28, 1925, in Delaware County, State of Indiana, intoxicating liquor unlawfully in an automobile in violation of §7 of an act concerning intoxicating liquors. See Acts 1925 p. 144. A motion for a new trial was filed and overruled and judgment rendered on the verdict of the jury, from which judgment this appeal is taken. The only error assigned

and not waived is that the court erred in overruling appellant's motion for a new trial.

The testimony of the officers who arrested appellant is to the effect that he was drunk in a public place and trying to operate an automobile while under the influence of intoxicating liquor. After he was arrested, the officers searched the car and found intoxicating liquor in it, which was introduced in evidence on the trial of this cause. After this had been put in evidence, the witness was asked the following question: "What, if anything, further did you find in the defendant's automobile at the time you made the search you testified about?" . The defendant objected to the question and said that the object of the question was for the purpose of prejudicing the jury against the defendant; that he was only charged with and being tried for having transported intoxicating liquor. The court overruled the objection, and defendant excepted, and the answer was: "There was five gallons, a five-gallon can, funnel and a .22 Colt automatic gun."

The defendant moved to strike out this answer for the reason that it was prejudicial to the accused, that he was not charged with carrying anything but liquor, and that there was no showing that this was his funnel or revolver. It will be observed that this motion is to strike out all the answer to the question. According to defendant's objection, the only portion of the answer which was improper was that concerning the funnel and .22 Colt automatic gun. It is not contended that the first part of the answer that "there was five gallons, and a five gallon can," was improper. If it be conceded that the defendant is right in his contention that the words "funnel" and ".22 Colt automatic gun" ought to be stricken out, still the court did not err in overruling this motion. It is not error to overrule a motion to strike out evidence where part of the evidence

embraced in the motion is competent. The objection should have been directed to the evidence claimed to be incompetent. *Binford* v. *Young* (1888), 115 Ind. 174, 16 N. E. 142; *Jones* v. *State* (1889), 118 Ind. 39, 20 N. E. 634; *Waymire* v. *Lank* (1889), 121 Ind. 1, 22 N. E. 735; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415.

The appellant claims that the court erred in sustaining the objection to the following question put to the witness, Peterman, to wit: "You went to this car because you saw him strike another car, isn't that it?" The question was objected to as calling for a conclusion. Before this question had been asked, the witness, Peterman, a police officer of the city of Muncie, had testified that he and another officer had been watching appellant on account of the manner in which he was driving; that, during the time they were so watching appellant, he had two collisions; that he drove from one side of the street to the other and practically took up the whole street. The second collision was with a taxi. The witness was riding with another officer when this occurred. The witness then said: "We stopped our car and when we got out the taxi driver opened the door of Deery's car on the right side and Cunningham went in on that side. The appellant was sitting in the car drunk at that time." The court did not err in sustaining this objection.

Appellant says the court erred in refusing to give the following instruction: "You are instructed that the rule is general and universal in all criminal cases, that if a reasonable doubt of the guilt of the defendant is raised in the minds of the jury on any question as to the sufficiency of the evidence, he is to be acquitted." This is No. 8 of the instructions requested by appellant. The court of its own motion gave instruction No. 10, as follows: "The defendant is presumed to be innocent

until his guilt is established by such evidence as will exclude every reasonable doubt. The law requires that no man shall be convicted of a crime until each and every one of the jurors is satisfied by the evidence in the case, to the exclusion of every reasonable doubt, that such defendant is guilty as charged. So, in this case, if the jury entertain any reasonable doubt of the guilt of the defendant, they should acquit said defendant; or if any one of the jurors, after having duly considered all of the evidence and after having consulted with his and her fellow jurors, should entertain any such reasonable doubt, then such juror so entertaining such reasonable doubt, while she or he so entertains such doubt, cannot consent to a verdict of guilty."

And the court of its own motion gave instruction No. 11, as follows: "In this case the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt, and this presumption prevails until the conclusion of the trial, and you should weigh the evidence in the light of this presumption of innocence and it should be your endeavor to reconcile all the evidence with this presumption of innocence, if you can, but if this cannot be done and the evidence so strongly tends to establish the guilt of the defendant as to remove all reasonable doubt of the guilt of such defendant from the mind of each juror, then it is the duty of the jury to convict. The rule touching reasonable doubt is a practical rule for the guidance of practical men and women when engaged in the solemn duty of assisting in the administration of justice. It is not, therefore, a rule about which there is anything whimsical or chimerical. It is not a mere possibility of error or mistake that constitutes a reasonable doubt. Despite every precaution that may be taken to prevent it, there may be, in all matters pertaining to human affairs, a mere possibility of error. If, then, you are convinced by the evidence, of whatever class it may

be, and considering all the facts and circumstances in evidence as a whole, of the guilt of the defendant that as prudent men and women you would feel safe to act upon such conviction in matters of the highest concern and importance to your own dearest and most important interests, under circumstances where there is no compulsion or coercion upon you to act at all, then you will have attained such degree of certainty as excludes reasonable doubt and authorizes conviction."

Instructions Nos. 10 and 11, given by the court of its own motion, state the law of reasonable doubt more accurately than instruction No. 8, tendered by appellant. The court did not err in refusing to give said instruction No. 8. *Bohan* v. *State* (1923), 194 Ind. 227, 141 N. E. 323; *Kell* v. *State* (1924), 194 Ind. 374, 142 N. E. 865.

Appellant claims that instruction No. 11 authorizes the jury to take into consideration facts and circumstances not in evidence lawfully. The part of the instruction which says, "if you are convinced by the evidence, of whatever class it may be, and considering all the facts and circumstances as a whole," refers to the different classes of evidence as to whether direct, circumstantial, or documentary. It cannot be presumed that any facts or circumstances are in evidence contrary to law. If they are, that fact must be shown and pointed out by the appellant in his objections to the evidence. The court did not err in giving said instruction No. 11.

It appears that the prosecuting attorney had made some remarks which the attorney for the defendant thought improper, and this appears in the record in regard to such remarks. Mr. Benadum, attorney for defendant, said: "I move that the prosecuting attorney withdraw his remarks." Mr. White, as prosecuting attorney, said: "I withdraw it then if it offends you." Mr. Benadum then said, "I

move the court to charge the prosecuting attorney to withdraw the remarks, that Wedmore talked with Deery at an improper place and then, after he has withdrawn it, I ask the court to instruct the jury not to consider the remarks of the prosecuting attorney." The court then said: "I think the jury understands that either the statement of the prosecuting attorney or the defendant, neither one are in evidence and are not to be considered as evidence at all. And the court instructs you that it isn't evidence, and, in arriving at a verdict, you are not to consider anything that they say now or at any time as evidence." There is no reference in the brief to any place in the record where any such instruction was given by the trial court. The brief does not show that any exception was taken to the ruling of the court. The appellant says that, after that statement was made, there was no use putting the defendant on the witness stand, and he was barred from testifying by the statement of the court. The defendant did not testify, but there is no reason for the assertion that this statement of the court barred the defendant from testifying. He was not offered as a witness. If it was the desire of the defendant to testify, he had a right to do so, and it was the duty of his attorney to put him on the stand and offer him as a witness, and then, after he testified, it was the privilege of such attorney to ask instructions relative to the testimony if he thought such instructions were needed. This was not done.

The appellant says that the verdict of the jury is not sustained by sufficient evidence, but appellant has not pointed out in his brief wherein the evidence is insufficient to prove some material element of the crime. See *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Simpson* v. *State* (1925), 196 Ind. 499, 149 N. E. 50.

No reversible error being made to appear, the judgment is affirmed.