## PATTISON v. NORRIS.

PROMISSORY NOTES.—RATIFICATION.—To a suit upon a due bill, signed by the name of a copartnership, one of the defendants answered, under oath, denying the execution of the instrument. Reply, that after the execution of the instrument, the defendant ratified the act of his partner in signing it in the copartnership name.

*Held,* that the reply was good, on demurrer.

EVIDENCE.—COMPROMISE.—Evidence by the plaintiff tending to show that the defendant made no objection to the signature when the paper was presented to him, and that he offered to compromise the debt, was held not to be rendered inadmissible by the fact that the offer was made in an effort to compromise. admitted debts, on the ground that defendant was not able to pay in full.

DEFAULT.—MOTION TO SET ASIDE.—Where, upon the application of one of several defendants, against whom judgment had been entered by default, the judgment was set aside as to him, it was held that the judgment as to the others was not vacated, and that after trial and judgment against him, he could not object that the judgment was not joint.

SAME.—PRACTICE.—It would be a better practice, in such cases, to hold the judgment subject to the result of the defense.

APPEAL from the *Franklin* Common Pleas.

RAY, J.—The appellee obtained judgment by default against the appellant and one *Cullum*, as surviving partners of the firm of *Shoup, Cullum & Co.* The suit was upon a due bill signed in the firm name.

At the same term of court at which the default and judgment had been entered, *Pattison* asked leave to file a motion to set aside the default as to him, and filed affidavits in support of the motion. The court sustained the motion of *Pattison*, and ordered the default and judgment to be set aside and vacated, "and that said defendant be permitted to appear and plead herein."

*Pattison* thereupon filed an answer, under oath, denying the execution of the due-bill, or that any such firm as *Shoup, Cullum & Co.* existed at the date said due-bill was signed. Reply in denial, and a paragraph averring subsequent ratification and confirmation of the. act of his partner in giving the due bill. A demurrer was overruled to the second paragraph. We see no objection to this action of the court.

On the trial, there was evidence from which an original authority to execute the due bill in the firm name might be very fairly inferred. Thus, the appellee and his son testify that *Pattison* made no objection to the execution when the note was exhibited to him, but offered to purchase it. It is insisted that such evidence is not admissible, because it is

stated he was then engaged in efforts to compromise all his debts. The compromise was not of disputed debts, but of admitted indebtedness, and on the ground that he was unable to pay in full. If the testimony of *Pattison* and *Cullum* was believed by the court trying the cause, the finding could not be sustained, as any authority in *Cullum* to execute the paper is denied by both. But their evidence seems to have been disregarded, and we cannot review the action of the court, as it had all the witnesses present before it.

It is insisted that the final judgment is void, because taken only against *Pattison,* whereas the liability was joint. We do not regard the judgment by default against *Cullum* as vacated by the order of the court. *Pattison* only asked to have the judgment set aside as to him, and he cannot now complain of the sustaining of his own motion. It would have been better, perhaps, on *Pattison's* application, to have held the judgment subject to the result of his defense, but there is no error, as it stands, authorizing a reversal.

The judgment is affirmed, with costs and two per cent. damages.