Binford v. Young.

No. 13,150.

BINFORD v. YOUNG.

SLANDER.—*Charge of Fornication or Adultery.*—It is actionable slander to charge a woman with fornication or adultery; and where the complaint avers that the defendant stated that the plaintiff, an unmarried woman, was guilty of an act of sexual intercourse, it is good after verdict.

SAME.—*Financial Condition of Defendant.*—*Evidence.*—Evidence as to the wealth of a deceased relative of the defendant, whose heir the latter was, is competent as tending to prove the financial condition of the defendant.

SAME.—*Understanding of Hearers.*—In an action for slander, a witness may state what he understood the defendant to mean by the words he used.

SAME.—*Reputation for Chastity.*—*Admissible Hearsay Evidence.*—Where, in an action for slander, a witness states that the reputation of the plaintiff for chastity is bad, he may be required, on cross-examination, to state what he had heard that the defendant had said to others on that subject; but the defendant may then testify as to whom he spoke the slanderous words.

SAME.—*Exemplary Damages.*—*Malice.*—*Repetition of Slanderous Words.*—As exemplary damages may be awarded in actions for slander, the defendant may show, for the purpose of preventing an inference of express malice, that he did not repeat the words uttered by him to others than named persons.

EVIDENCE.—*Striking Out.*—Where a part of the testimony of a witness is competent and a part incompetent, it is not error to overrule a motion to strike out such testimony as a whole.

SAME.—*Admission in Treaty of Compromise.*—An admission of an independent fact, made in the course of a conversation relating to a compromise, but not made for the purpose of securing a compromise, is admissible in evidence.

From the Fayette Circuit Court.

*B. L. Smith, W. J. Henley, C. Cambern, T. J. Newkirk* and *J. I. Little,* for appellant.

*J. A. New, J. W. Jones* and *E. W. Felt,* for appellee.

ELLIOTT, J.—The complaint of the appellee charges the appellant with speaking and publishing of her false and slanderous words.

There is much in the complaint that ought not to be there, and some things should be there that are not. If it had been assailed by demurrer it might, perhaps, be our duty to declare it insufficient, but it is here attacked for the first time. An attack after verdict is governed by very different rules from those which govern attacks by demurrer. A verdict will often so aid a complaint as to prevent a successful attack, and we think the one before us is so aided.

Under our rule it is actionable slander to falsely charge a woman with fornication or adultery. *Buscher* v. *Scully*, 107 Ind. 246. The complaint before us does aver, although not with technical accuracy, that the appellee was guilty of an act of sexual intercourse, and that she was unmarried. This, we hold, makes the complaint good after verdict.

The testimony of Joseph O. Andrews as to the wealth of William Ladd Binford could not be relevant except upon the theory that it tended to prove that the defendant, as his surviving brother, had inherited all or part of it. As the record shows that William Ladd Binford was dead, and that the appellant was his heir, it must be deemed relevant and competent, for it at least tended to prove the financial condition of the appellant, and the financial condition of a defendant in an action for slander may be proved. But, however this may be, the objection stated by counsel is too general and indefinite to present any question to us, for it is well settled that objections to evidence must be reasonably specific. *Lake Erie, etc., R. W. Co.* v. *Parker*, 94 Ind. 91 (93); *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196, and cases cited.

Charges of unchaste conduct are seldom made in plain words, and it is often necessary to prove what the persons who heard the slanderous words understood the person who uttered them to mean. *Branstetter* v. *Dorrough*, 81 Ind. 527. In this case we are satisfied that no error was committed in permitting the witness Jacob F. Trump to state what he understood the defendant to mean by the words he used.

It is probably true that some part of the testimony of Mrs.

Burton was incompetent, but, as the motion was to strike out all of her testimony relating to two interviews that had taken place between the plaintiff and defendant, there was no error in overruling the motion. It has often been decided that where some of the evidence is competent it is not error to overrule a motion to strike out the whole evidence although part of it may be incompetent. *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409; *Outhrell* v. *Outhrell*, 101 Ind. 375; *Wolfe* v. *Pugh*, 101 Ind. 293; *Elliott* v. *Russell*, 92 Ind. 526.

The question was presented in *Carver* v. *Louthain*, 38 Ind. 530, substantially as it is here, and it was held that it was not error to overrule the motion to strike out the evidence. If, therefore, we find that any material part of the testimony was competent, the ruling of the trial court must be sustained.

We think some parts of the testimony were clearly competent. Even if it be conceded that the conversation between the parties related to a compromise, still a specific admission of a fact, because it is a fact, made in the course of such a conversation, and not made to open the way to a compromise, is admissible. The rule on this subject is thus stated by the court in one of the cases referred to by the appellant: "An offer, concession, or admission, made in the course of an ineffectual treaty of compromise, and constituting, in itself, the point yielded for the sake of peace, and not because it was just or true, is not competent evidence against the party making it; but the law is otherwise with regard to an independent fact admitted to be true, but not constituting such yielded point." *Wilt* v. *Bird*, 7 Blackf. 258. Substantially the same language is used in *Cates* v. *Kellogg*, 9 Ind. 506; and in *Pattison* v. *Norris*, 29 Ind. 165, a somewhat broader statement is made. The rule stated governs here, for the defendant admitted, as an independent substantive fact, that he had uttered slanderous words, imputing to the plaintiff a want of chastity, and did not make the admission for the purpose of securing a compromise. The

offer he made to pay a certain sum of money would, doubtless, have been excluded had proper objection been made, but the independent admission was competent. Under the rule heretofore stated there was no error in overruling the motion to strike out the entire testimony of the witness.

Mrs. Hill was called by the defendant and testified that the reputation of the plaintiff for chastity was bad. On cross-examination she was asked what she had heard that the defendant had said to others on that subject. We think this was a legitimate cross-examination. If the defendant himself created the alleged bad reputation of the plaintiff he ought not to be permitted to derive any benefit from testimony on that subject, since that would be to allow him to profit by evidence of his own manufacture. The jury were entitled to know who the witness had heard speak of plaintiff's reputation, and to know what part of the knowledge of the witness was ultimately attributable to reports put in circulation by the defendant. Whether he did in fact circulate such reports, and whether the alleged bad reputation of the plaintiff was founded upon the evil reports he had put in circulation, materially affected the weight and effect of the testimony on that question. One who creates by his own words a bad reputation for another can not be permitted to take advantage of his own wrong. To permit this would be to encourage the repetition of slanderous words, to the injury of the person slandered and to the prejudice of society.

The defendant's counsel having asked him while on the witness stand the appropriate question, offered to prove by him that he had never uttered the slanderous words to any other persons than the plaintiff's witnesses, Dr. Trump, Dr. Andrews, Thomas F. Hill and Micajah Young. The court excluded the evidence. In defence of this ruling, appellee's counsel say: "When the witness, Mrs. Hill, made the answer complained of, appellant objected because he claimed it

was immaterial, and now he seeks to contradict his own witness on an immaterial matter. This he can not do." This is an insufficient defence. The questions asked Mrs. Hill were not objected to solely on the ground that they were immaterial, and we have decided, in substantial agreement with counsel's argument, that Mrs. Hill's testimony was competent, because it tended to show that the defendant had put in circulation reports which might have caused the bad reputation attributed to her. If the defendant did not utter the words to the persons of whom Mrs. Hill spoke, he was entitled to show that fact. The testimony of Mrs. Hill called out on cross-examination was hearsay, but admissible, because it tended to show that the defendant had contributed, at least, to give her the bad reputation attributed to her, and it seems clear to us that he had a right to show to whom he did speak the slanderous words. It would be unjust to allow one party to call out hearsay testimony and not permit the other to show that he did not give any foundation for it by himself repeating his slanderous charge. Nor does the testimony offered contradict Mrs. Hill. It does not show that she did not speak the truth in testifying that she heard that others had said the defendant had spoken evil of the plaintiff, for it goes no further than to show that what those others said was not true. The ruling of the court can not be sustained upon the ground taken by counsel, nor do we think it can be sustained upon any other.

The testimony of Mrs. Hill, while ostensibly directed to the question of reputation, had the effect to make it appear that the defendant had aggravated his wrong by repeating his words. This testimony, in all its forms, he had a right to meet and explain by his own statements. If, in truth, he did not repeat his words he had a right to show that fact.

There is still another phase of the question deserving consideration. It is the rule in actions for slander that exemplary damages may be awarded, and, in awarding them, jurors are influenced by matters of aggravation, as well as

by matters indicating express malice, and repetition of slanderous words may tend to impress the jurors that there was express malice, and thus augment the damages. We think it clear that the defendant had a right to show, for the purpose of preventing an inference of express malice, that he did not repeat the words. Of course, the fact that he did not repeat the words would not relieve him from the imputation of malice, but it might prevent the jury from increasing the damages on the theory that by repeating the words he increased the injury as well as indicated a great degree of malice.

Irrespective of the effect of the testimony of Mrs. Hill, the testimony of the defendant was competent, as it seems to us, and when what she testified to on cross-examination is taken into consideration, the conclusion that it would be a denial of justice to refuse the defendant the right to show that he did not speak the slanderous words to others than the witnesses called by the plaintiff seems to us to necessarily result. To compel him to remain silent under such circumstances would be to hold him responsible for reports that he had not put in circulation. It is only upon the theory that he did aid in creating the bad reputation of plaintiff that it is possible to sustain the ruling admitting the testimony of Mrs. Hill, and, surely, the defendant must have a right to show that he did not aid in creating that reputation, by proving that he did not utter the words to any persons other than the witnesses introduced by the plaintiff. If he does not have this right, then he must be held accountable for the words of others, although he did nothing to justify them.

We can not avoid the conclusion that the court erred in excluding the testimony of the appellant upon the point under immediate mention.

Judgment reversed.

Filed March 22, 1888; petition for a rehearing overruled May 18, 1888.