## JORDAN v. MORRISON.

[No. 4,296.    Filed March 18, 1903.    Rehearing denied January 27, 1904.]

From Boone Circuit Court; *B. S. Higgins,* Judge.

Action by William Morrison against Lewis H. Jordan. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Jordan v. Morrison.

*S. M. Ralston, F. M. Goldsberry* and *I. M. Sharp,* for appellant.
*O. E. Brumbaugh,* for appellee.

HENLEY, J.—The complaint in this case charges the appellant with the conversion of $600 of money belonging to appellee. The complaint states facts sufficient, upon the theory that the money was converted by the appellant to his own use, to constitute a cause of action when attacked for the first time in this court. The only other alleged error brought to our attention arises out of the action of the trial court in overruling appellant's motion for a new trial. It is contended that the evidence does not sustain the verdict and judgment.

The facts, as we are able to gather them from a careful reading of all the evidence in this case, are, that appellee bargained for a small tract of land, which the appellant agreed to furnish him the money to purchase, the purchase price to be $900. The appellant furnished him the money, and, to secure himself, took the title to the land in his own name. Appellee afterward paid the purchase price, and appellant continued to hold the title until appellee procured a purchaser for the land. It appears that appellee , sold the timber on the land for enough money to pay for it, leaving the land as profit to him. He secured a purchaser for it at a cash price of $600. Appellant made a deed to the purchaser, and the money was paid to the appellant—$100 in cash—and a note due one day after date for the $500 was delivered to appellant, which note was paid within a few days after it was executed. Further than this the evidence is in direct conflict upon every material point. Appellee testifies that the appellant has paid him less than $300 of the $600 received from the sale of the land, while appellant testifies that he had a settlement in which all matters relating to this transaction were closed up, and that the balance due appellee was at his (appellee's) request paid to him in cash, and that the settlement occurred within a few days after appellant had received the money.

Appellant is the sole proprietor and conducts the bank called the Colfax Bank of Colfax, Indiana. He was supported in his testimony, to some extent, by the evidence of his cashier, whose evidence was, in part, as follows: "When money was paid out—you testified to money having been paid out to Mr. Morrison or to others for his benefit—how was that done—out of this $600? How were these payments made? A. Mr. Jordan just paid it out, and kept an account of it in his personal account. How do you know? A. I remember about it."

Upon the other hand, appellee's testimony was to the effect that he had received only certain amounts—in the aggregate amounting to less than $300, as heretofore stated—the items for which are mentioned in his evidence. He is supported to some extent by the testimony of his attorney, no part of which was objected to, and

a large part of which, we think, under the rule announced in the case of *Binford* v. *Young*, 115 Ind. 174, was incompetent. The evidence of a large number of witnesses was to the effect that appellee was a man of bad moral character, and that his reputation for truth and veracity was bad. No evidence to the contrary was introduced.

We can not account for the verdict of the jury in this case, except upon the theory that they saw the witnesses and heard them testify, and were thus better able to judge of the character of the evidence given. Under such circumstances this court will not disturb the verdict of the jury.

The judgment is therefore affirmed.