## KINTZ v. R. J. MENZ LUMBER COMPANY.

[No. 7,213. Filed April 20, 1911.]

1. WITNESSES.—*Competency.—Attorneys.*—The sole attorney for plaintiff is a competent witness in behalf of plaintiff, the weight of his testimony being for the court trying the case. p. 476.

2. ACCOUNT.— *Goods Sold and Delivered.— Admissions.— Compromise.*—Where defendant, in a conversation with plaintiff's attorney, when discussing the adjustment of a claim, said that the shingles sued for were worth the prices charged, that he received them and had them, that the account was unpaid, that there was a shortage of 5,000 shingles, and that the price of shingles when received was five cents a thousand lower than when ordered, such statements are admissible in evidence, where there is nothing to show that said statements were made with a view to compromise, nor that there was any offer of compromise. p. 477.

3. EVIDENCE.—*Compromise.—Admissions.*—Admissions of facts that do not constitute a part of an offer or concession made in the course of an unsuccessful attempt at compromise are admissible in evidence. p. 477.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by the R. J. Menz Lumber Company against Norbert C. Kintz. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George A. Scott,* for appellant.

*Daniel V. Miller,* for appellee.

IBACH, J.—Appellee sued appellant on account for three carloads of shingles sold and delivered to, and received and accepted by, him, and recovered judgment for $1,473, principal and interest. The issues were formed by the complaint of appellee, and appellant's general denial. All the evidence in the case was that given by Daniel V. Miller, who was sole counsel for appellee.

Appellant assigns that the lower court erred in permitting witness Miller to testify over the objection of appellant, when it was disclosed that he was sole counsel for plaintiff, in overruling the motion of appellant to strike out the testimony of witness Miller in regard to a conversation which took place between witness and appellant at a time when they were discussing a settlement of the matter in issue, and in finding for plaintiff, for the reasons that the evidence failed to show any contract between the parties, that if any contract was shown it was a written one, and the action was upon an oral contract, and that there was not sufficient evidence to enable the court to determine the value of the goods claimed to have been sold.

There is no apparent reason why attorney Miller was not a competent witness, though he was sole counsel for appellee, and as such conducted his own examination.

1. An attorney at law is not incompetent to testify in a case in which he appears for one of the parties. The only objections which could be made to his evidence would go to its weight, not to its competency, and the weight which should be given to the testimony of the witness is to be

determined by the court before whom the case is tried. While the practice of an attorney testifying for his client is not to be commended, and is often condemned, yet it sometimes becomes a matter of necessity for him to testify in a case in which he is engaged, and this may have been true in the action before us. The record discloses no other witness present.

The principal question presented for review is the action of the lower court in refusing to strike out the testimony of Miller as to statements made by appellant in a conversation between him and witness, at a time when they were talking about the adjustment of the claim. The witness testified that during this conversation he presented to appellant the statement of the claim of appellee, and appellant told him that the shingles, when they were ordered, were worth the prices set forth in that statement; that he received and unloaded the shingles and had them in his possession, and that the account had not been paid, but that there was a shortage of five thousand shingles, and that the price of shingles was five cents a thousand lower when they were received than when they were ordered.

Appellant claims that these statements were made while trying to effect a compromise, and were therefore not admissible in evidence. The rule is, that "an offer, concession, or admission, made in the course of an ineffectual treaty of compromise, and constituting, in itself, the point yielded for the sake of peace, and not because it was just or true, is not competent evidence against the party making it; but the law is otherwise with regard to an independent fact admitted to be true, but not constituting such yielded point." *Wilt* v. *Bird* (1844), 7 Blackf. 258. See, also, *Cates* v. *Kellogg* (1857), 9 Ind. 506; *Pattison* v. *Norris* (1867), 29 Ind. 165; *Watson* v. *Crowsore* (1884), 93 Ind. 220; *Binford* v. *Young* (1888), 115 Ind. 174; *Hood* v. *Tyner* (1891), 3 Ind. App. 51; 2 Wigmore, Evidence §1062; 1 Elliott, Evidence §§240, 646.

In the light of these authorities, it must therefore be conceded that an offer for a compromise of a legal controversy, not accepted, is not competent evidence for or against either party to such controversy, and if such a state of facts existed in the case before us it would have been error to permit witness Miller to testify concerning any offer to compromise. But from the evidence it seems that the statements made by appellant were not made with a view to compromise, and no offer to compromise is shown to have been made; therefore there was no error in permitting said witness to testify as to what value appellant placed upon the shingles in question, and the number received by him, and that the account therefor had not been paid.

The theory of the complaint in this case, and the one upon which the trial proceeded, was for the value of goods received by appellant from appellee. The trial court found for appellee, and there is some evidence which sustains such finding. It seems to us that there was no error committed by the trial court.

Judgment affirmed.