STATE OF INDIANA ON THE RELATION OF MACK ARTHUR YOUNG *v.* THE MADISON CIRCUIT COURT, ALVA COX, SPECIAL JUDGE.

[No. 474S79.  Filed June 12, 1974.]

*John E. Elsele, Robbins, Dietzen & Eisele,* of Anderson, for relator.

*William F. Lawler, Jr.,* Prosecuting Attorney, Madison County, for respondents.

HUNTER, J.—This is an original action arising out of the arrest, charging and incarceration of the relator-defendant, Mack Arthur Young. Relator has petitioned this Court to mandate the Special Judge of the Madison Circuit Court, Alva Cox, to release relator on his own recognizance pursuant to CR. 4 (A) (as amended, February 1, 1974.)

Relator's incarceration commenced on May 3, 1973—a full nine months prior to the amending of CR. 4 (A). Relator takes the position that CR. 4 (A) (as amended, February 1, 1974) has retroactive application to his pretrial detention. Relator's contention is wholly without merit. CR. 4 (A), as amended on February 1, 1974, operates *only* prospectively as of that date. The amended rule has absolutely no retroactive application to incarcerations beginning prior to February 1, 1974.

The criminal rule which should be applied to these facts is

CR. 4(A), prior to the February, 1974 amendment. That rule read as follows:

## "DISCHARGE FOR DELAY IN CRIMINAL TRIALS

*"(A) Defendant in jail.* No defendant shall be detained in jail *on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar;* provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor." (Emphasis added.)

Relator's verified petition for writ of mandate recites the following uncontroverted chronology of events:

| | | |
|---|---|---|
| *"3rd day of May, 1973* | — | *Defendant arrested* |
| *9th day of May, 1973* | — | *Affidavit in Cause #13313 filed* |
| *22nd day of May, 1973* | — | *Affidavit in Cause #13320 filed* |
| 4th day of June, 1973 | — | Defendant requests Continuance |
| 18th day of June, 1973 | — | Defendant requests Continuance |
| 2nd day of July, 1973 | — | Defendant requests Continuance Court appoints Public Defender |
| 9th day of July, 1973 | — | Public Defender declines to represent defendant Court appoints Second Public Defender |
| 16th day of July, 1973 | — | Defendant moves for Continuance |
| 23rd day of July, 1973 | — | Defendant requests a change of venue from the judge |

| | |
|---|---|
| 25th day of July, 1973 — | Defendant strikes name of judge from panel |
| *15th day of August, 1973* — | *Special Judge Alva Cox assumes jurisdiction* |
| 6th day of November, 1973— | Defendant arraigned Trial set for 2nd day of January, 1974 |
| 14th day of December, 1973 — | Second Public Defender Withdraws Court appoints Third Public Defender |
| 25th day of February, 1974 — | Defendant moves for Release on Own Recognizance |
| *27th day of February, 1974* — | *Defendant's Motion for Release on Own Recognizance denied Cause set for trial 6th day or May, 1974"* |

(Emphasis added.)

The record indicates a series of continuances and motions chargeable to the relator. This Court has held that delays caused by the acts of a defendant cause the six-month period to run anew. *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411; *State* v. *Grow* (1970), 255 Ind. 183, 263 N.E.2d 277. We recognize that since the adoption of CR. 4(F), as part of the amendment of February 1,1974, defendant initiated delay no longer triggers the commencement of an entire new period; however, CR. 4(F), for the reasons stated above, likewise has no application to this case.

Therefore, the six-month period began to run anew on August 15, 1973. Between that date and February 27, 1974, there are no continuances or other delaying motions chargeable to relator. If the above stated chronology were the only facts before us, the relator would be eligible for discharge. But that simply is not the case.

Respondent, Alva Cox, in his Verified Return, states that counsel for relator informed the court prior to January 2,

1974, "that in no event could he be prepared for trial on January 2, 1974." William F. Lawler, Jr., the prosecutor of this cause, in a sworn affidavit entitled "Respondent's Exhibit A," reaffirms the respondent's allegation. That affidavit reads in pertinent part as follows:

"3. That in preparation of this case, this affiant had at least two conversations with the defendant's attorney, JOHN EISELE, and informed him that the State of Indiana was quite anxious to try this case against this Relator, MACK ARTHUR YOUNG, and that we would be ready to go to trial on January 2, 1974.

"4. That on these occasions the defendant's attorney advised this affiant under no conditions would he be prepared to go to trial on this case on January 2, 1974, and that he would, in fact, file a written Motion for Continuance on that date."

We hold that the above statements made by defense counsel, albeit informal, constituted the kind of delaying acts contemplated by CR. 4(A) (prior to amendment). Therefore, we hereby deny relator's petition for writ of mandate.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported at 312 N.E.2d 74.