GENE RAYMOND SIMPSON *v.* STATE OF INDIANA.

[No. 3-474A67. Filed August 4, 1975.]

*Anthony V. Luber*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *G. Philip Duckwall*, Deputy Attorney General, for appellee.

STATON, P.J.—From his conviction for the sale of heroin, Simpson appeals on the ground that the trial court erred in overruling his motion for discharge pursuant to Indiana Rules of Procedure, Criminal Rule 4(B). Although Simpson raises several other issues on appeal, we conclude that Simpson was entitled to a discharge and, therefore, do not reach these other issues.

## I.

### Sequence of Events

On September 28, 1972, Simpson was charged in three separate causes with the possession and sale of heroin. These three causes were set for trial in February, 1973, but Simpson failed to appear. Later, Simpson appeared in court on April 9, 1973, and the Court ordered his bond raised in each of the three causes from $3,000 to $5,000. On April 11, 1973, Simpson filed his motion for early trial in all three causes against him pursuant to CR. 4(B), which at that time provided:

> "If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty [50] judicial days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such fifty [50] judicial days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule."

The only action taken by anyone during the running of the fifty judicial day period was Simpson's request on the twenty-

eighth judicial day of the period that the appointment of his court-appointed counsel be vacated and that another attorney be appointed.[1] On that same twenty-eighth judicial day Anthony V. Luber was appointed to represent Simpson. About two months after the running of the fifty judicial days, Simpson by his attorney, Luber, filed a motion for discharge in all three causes. After a hearing on Simpson's motion, the trial court denied the motion. Simpson filed a motion to reconsider his motion for discharge which was denied.

On October 1, 1973, the court took its first action since the filing of the motion for early trial to set the three causes for trial. Simpson was ordered to appear on October 5, 1973 for the "purpose of setting said causes for trial." Trial was held on October 5, 1973, and at that time, Simpson filed a motion to dismiss on the grounds that he was entitled to discharge under CR. 4. This motion was denied prior to trial for the following reasons:

> "The Court will deny the motion for discharge in all three cases on the grounds that this case was set for trial in February of this year and defendant failed to appear. He was therefore attached by this Court but subsequent to that time he then requested that the public defender counsel appointed for him be dismissed. That's on May 22, 1973 and Leo Lamberson's appointment was vacated. The Court then appointed Anthony Luber to appear and represent the defendant. That said newly appointed counsel did not appear for the defendant of record until the filing of this motion; that the delays occasioned were initiated by the defendant's own conduct, also the Court's setting of criminal cases with the summer vacations intervening. The motion for discharge is denied in all three cases.
>
> \* \* \*
>
> Defendant having filed motion to reconsider the Court again finds that the delaying and processing and hearing in this

---

1. We note that the current CR. 4(B) is computed by using calendar days. However, the version of CR. 4(B) in effect at the time Simpson filed his motion for early trial required a computation using judicial days —weekdays minus legal holidays. During the fifty day period running from the filing of Simpson's motion on April 11, 1973, there were two legal holidays pursuant to IC 1971, 1-1-9-1 (Burns Code Ed.)—Good Friday and Memorial Day. Therefore, the fiftieth day of the period fell on June 22, 1973.

cause was primarily attributable to the actions of the defendant and upon reconsideration comes to the same ruling and denies motion for discharge. Now all three causes are to be tried this date, defendant now files motion to dismiss under CR.-4. Motions are denied in all three cases."

Simpson was tried by a jury and found guilty as charged. He was subsequently sentenced to the Indiana State Prison for a period of not less than five (5) years nor more than twenty (20) years and fined $1,000.00.

## II.

### CR. 4(B)

Under the version of CR. 4(B) in effect at the time of Simpson's motion for early trial, it was incumbent on the trial judge to set these three causes for trial within fifty (50) judicial days of the request. As in the case of *Stokes* v. *State* (1973), 157 Ind. App. 273, 299 N.E.2d 647, the record discloses that the court made no attempt to set the three causes against Simpson for trial prior to Simpson's motion for discharge. After filing his motion for early trial, no further affirmative action to see that his trial was set within the fifty day period was required of Simpson. To require Simpson to keep track of the running of the fifty day period and notify the court that the period was about to run is to emasculate CR. 4(B). Simpson had already notified the trial court that he wanted an early trial. The trial court had an affirmative duty to see that Simpson's causes were set for trial within the period of the rule. The local trial rules of the St. Joseph Superior Court in effect during these proceedings are a part of the record before this Court. There is no special procedure outlined for setting criminal cases for early trial. It appears that all criminal cases are placed on an assignment list on the basis of age. Given the importance of the early trial setting to a defendant and the State's interest in seeing that the request for early trial is honored to avoid the mandatory discharge provision of CR. 4(B), it is advisable for criminal courts and

prosecutors to develop some special procedures for insuring that motion-for-early-trial causes are set for trial well within the period of CR. 4(B).

There can be no claim that Simpson acquiesced in the setting of his trial outside the fifty day period as in the cases of *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552 and *State ex rel. Wickliffe* v. *Wilson* (1975), 263 Ind. 219, 328 N.E.2d 420. The trial court in the instant case neither set these causes for trial or pre-trial conference during the running of the fifty day period.

## III.

### Delay Caused by Defendant

When a delay is chargeable to the defendant, the fifty day period is extended by the period of the delay. *Gross* v. *State* (1972), 258 Ind. 46, 278 N.E.2d 583. (See, current CR. 4(F), not in effect at the time of these proceedings.) The trial court denied Simpson's motion for discharge charging Simpson with the following delays:

1. Failure to appear for trial in February, 1973.
2. Change of counsel.
3. Failure of new counsel to file appearance.

1. *Failure to appear for trial in February, 1973.* Delaying actions of the defendant prior to the filing of his motion for early trial have no effect on the running of the fifty day period (now seventy calendar days). It is only when the defendant moves for a continuance or otherwise causes delay in his being brought to trial *during the period of the rule* that the period is extended by the period of the delay. CR. 4(B); *Gross* v. *State, supra.*

2. *Change of counsel.* The mere change of counsel during the period of the rule does not in itself result in any delay in proceeding to trial. *See State ex rel. Young* v. *Madison Circuit Court* (1974), 262 Ind. 130, 312 N.E.2d 74. The trial court may not delay setting the cause

for trial on the assumption that the new counsel will require more preparation time. In *Gross* v. *State, supra,* the Supreme Court of Indiana charged defendant with delay precipitated by the withdrawal of his private attorney twelve days before trial. In the *Gross* case, defendant appeared on the day of trial, set within the period of the rule, and was willing to proceed without counsel. However, the trial court appointed counsel and continued the trial for two weeks. Defendant was charged with this delay because of his acquiescence in the appointment of counsel and the continuance. In Simpson's causes approximately four weeks (22 judicial days) remained during which these causes could have been set for trial. These causes were, however, not set for trial, and it is sheer speculation whether a continuance to allow for more preparation time would have been requested.

3. *Failure of new counsel to file appearance.* Under the local trial rules of the St. Joseph Superior Court, the only mandatory appearance requirement appears to apply only to Division IV.

> "(a) All appearances by attorneys shall be either in person in open Court or in writing filed in the County Clerk's office."

Simpson's causes were assigned to Division V, and the local trial rules, made a part of the record before this Court, make no provision for Division V whatsoever.

Simpson's new counsel was appointed by the Court on the same day that he requested a change of counsel. There was no delay chargeable to Simpson. Regardless of whether the local trial rules had some mandatory appearance provisions applicable to attorneys, we fail to see how the mere failure of the newly appointed counsel to file an appearance card caused delay in setting these causes for trial. If the trial court had any doubt about the court-appointed counsel's acceptance of the appointment, it was the court's duty to ascertain whether Simpson was, in fact, represented.

The trial court did not set the causes against Simpson for trial within the period of the rule. Simpson did not acquiesce in a trial setting outside the period of the rule nor did he cause any delay in his being brought to trial within the period of the rule. Therefore, these causes are reversed and remanded to the trial court with instructions to grant Simpson's motion for discharge.

Garrard and Hoffman, JJ., concur.

NOTE.—Reported at 332 N.E.2d 112.