THOMAS E. HODGE *v.* STATE OF INDIANA.

[No. 1174S229. Filed April 2, 1976.]

*Donald P. Levinson,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by affidavit with the crimes of first-degree burglary and inflicting injury in the

perpetration of an attempted robbery. Trial by jury resulted in a verdict of guilty on both counts.

The record contains the following evidence:

In the early morning hours of June 14, 1972, the home of Mr. and Mrs. Rand Conyers was burglarized. During the course of the burglary the intruder, later identified as appellant, demanded of Mr. and Mrs. Conyers, "This is a stick up. Give me your money." An altercation resulted between the Conyers and appellant in which Mr. Conyers received a head wound.

Two issues are presented by this appeal:

(1) Whether the court erred in overruling appellant's motions to dismiss under Ind. R. Crim. P. 4(A) ;

(2) Whether the court erred in refusing to allow appellant's trial counsel to testify.

Appellant filed two motions under Indiana Rules of Procedure, Ind. R. Crim. P. 4(A). The first was premised on the belief that appellant was chargeable with only one delay from the time of his arrest to the filing of his motion. Appellant was arrested on January 31, 1973. On April 3, 1973, at appellant's request, he was granted a continuance until May 15, 1973. Under the provisions of the rule as it existed during the time in question, a delay chargeable to the defendant caused the six-month period to begin anew at the time of the delay. Holt v. State, (1974) 262 Ind. 334, 316 N.E.2d 362, 43 Ind. Dec. 554. Thus, the six-month rule as applied to appellant, began to run from May 15, 1973.

On June 15, 1973, the court set July 19, 1973, for a "readiness conference." Appellant's counsel failed to appear at the conference. On that date the trial court set the cause for trial for October 15, 1973, a date outside the six-month period. On October 15, 1973, appellant filed his first motion to dismiss. By failing to object to the October 15 setting and failing to call the trial court's attention to the fact that it was beyond the six-month limit, appellant waived his right

to discharge for such cause. *Layton* v. *State,* (1973) 261 Ind. 251, 301 N.E.2d 633, 38 Ind. Dec. 777; *Bryant* v. *State,* (1973) 261 Ind. 172, 301 N.E.2d 179, 38 Ind. Dec. 512. Appellant is also chargeable with the delay from October 15, 1973, the date he filed his motion to dismiss, to October 22, 1973, the date that motion was denied. The six-month period permitted under the rule began to run anew from the 22nd of October, 1973. See *Shack* v. *State,* (1972) 259 Ind. 450, 288 N.E.2d 155, 33 Ind. Dec. 222.

Appellant's second motion under Ind. R. Crim. P. 4(A) was filed March 11, 1974. The 1973 amendment to Ind. R. Crim. P. 4, effective February 1, 1974, changed the effect of a delay chargeable to the defendant. Under the amended rule, the time under which the defendant who causes a delay must be brought to trial is extended only by the amount of the delay. Ind. R. Crim. P. 4(F). However, the amended rule has no retroactive application to incarcerations beginning prior to February 1, 1974. *State ex rel. Young* v. *Madison Cir. Ct.,* (1974) 262 Ind. 130, 312 N.E.2d 74, 42 Ind. Dec. 310. For the purposes of appellant's motion to dismiss, the relevant time period is from October 22, 1973, to March 11, 1974; a period less than six months. The trial court did not err in denying appellant's two motions to dismiss.

Appellant next argues that he was denied a fair trial in that the court prohibited his defense counsel from testifying. It is appellant's contention that trial counsel's testimony would have impeached Mrs. Conyers' identification of him by a prior inconsistent statement. Appellant's counsel made no offer to prove either time when he was refused permission to testify. The first offer to prove consistent with appellant's contentions before this Court was made at the hearing on the motion to correct errors in the trial court. It is true in exceptional cases attorneys may testify in behalf of their clients. In *Kintz* v. *R. J. Menz Lumber Co.,* (1911) 47 Ind. App. 475, 476, 94 N.E. 802, the court stated:

"There is no apparent reason why attorney Miller was not a competent witness, though he was sole counsel for appellee, and as such conducted his own examination.

"An attorney at law is not incompetent to testify in a case in which he appears for one of the parties. The only objections which could be made to his evidence would go to its weight, not to its competency, and the weight which should be given to the testimony of the witness is to be determined by the court before whom the case is tried. While the practice of an attorney testifying for his client is not to be commended, and is often condemned, yet it sometimes becomes a matter of necessity for him to testify in a case in which he is engaged, and this may have been true in the action before us. The record discloses no other witness present." See also *Butler* v. *State,* (1951) 229 Ind. 241, 97 N.E.2d 492.

The Code of Professional Responsibility also provides for testimony from trial counsel only on a very limited basis. Even if we will assume for the sake of argument that the attorney would have been a competent witness under the statute and under the Code of Professional Responsibility, the trial court's refusal to permit him to testify does not constitute reversible error. Two other witnesses stated that Mrs. Conyers did not want to testify and that she was uncertain whether she could identify the man who broke into their house. Therefore, any testimony in this regard by trial counsel would have been merely cumulative. Thus, even if we would presume the trial court erred in refusing to permit counsel to testify, which we do not do, such error would be harmless. *Webster* v. *State,* (1973) 261 Ind. 309, 302 N.E.2d 763, 39 Ind. Dec. 432.

For the foregoing reasons, the judgment of the trial court is affirmed.

NOTE.—Reported at 344 N.E.2d 293.