**Randolph McGOWAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 55A04–9106–CR–178.**

Court of Appeals of Indiana, Fourth District.

June 3, 1992.

Patrick M. Schrems, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Randolph McGowan was convicted by a jury of two counts of Defrauding a Financial Institution,[1] Class C felonies and two counts of Conversion, Class A misdemeanors.[2] The sentencing court merged each count of defrauding a financial institution with each count of conversion; accordingly, McGowan was sentenced to consecutive sentences of eight years on each count of defrauding a financial institution, for a total sentence of sixteen years. McGowan raises several issues on appeal; however, we reverse because McGowan should have been released when he was not brought to trial within seventy days of his motion for a speedy trial pursuant to Ind.Crim.Rule 4(B).

## DISCUSSION

Indiana Crim.Rule 4(B) provides as follows:

"(B)(1) *Defendant in Jail—Motion for Early Trial.* If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days *from the date of such motion,* except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. *Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.*

(2) In computing the time comprising the seventy (70) calendar days under this Criminal Rule 4(B), each and every day *after the filing of such motion for early trial shall be counted, ...*"

(emphasis supplied). The following is a sequence of relevant events:

September 7, 1990—McGowan arrested

---

1. Ind.Code 35–43–5–8(a)(1) and I.C. 35–50–2–6.

2. I.C. 35–43–4–3.

October 9, 1990—McGowan arraigned
—makes oral request for a speedy trial
(pro se)

October 30, 1990—Appointed attorney
files written request for a speedy trial
—trial set for December 17, 1990

December 10, 1990—Appointed counsel
permitted to withdraw after a hearing;
—new counsel appointed
—trial reset for January 17, 1991

December 17, 1990—70 days from October 9 oral motion for speedy trial

December 27, 1990—petition for discharge filed (pro se)

January 7, 1991—petition for discharge denied after hearing

January 8, 1991—70 days from October 30 written motion for speedy trial

January 10, 1991—trial

McGowan argues that he should have been discharged because the State failed to bring him to trial within 70 days of his request for a speedy trial as required by Crim.R. 4(B). The State argues McGowan's petition for discharge was properly denied because: 1) the continuance was due to McGowan's acts; 2) the motion for discharge was premature; and 3) McGowan's constitutional right to a speedy trial was not violated.[3]

*1. Change in Counsel:*

The State argues that McGowan's actions caused appointment of new counsel, which in turn necessitated a continuance of the December 17 trial date. Therefore, the delay was caused by his actions and the rule was not violated. The record shows that McGowan's first counsel requested permission to withdraw on December 10, 1990, seven days before trial. At a hearing held the same day, counsel testified that McGowan had threatened him with legal action when counsel refused to engage in an irrelevant line of questioning during a deposition. Counsel testified he could not represent McGowan adequately under these conditions. There was also evidence that McGowan had pending lawsuits against former attorneys. The trial court permitted counsel to withdraw and appointed a second counsel for McGowan. Second counsel did not request a continuance; however, the court did hold an in-chambers conference with both counsel. Upon returning to the courtroom, the judge stated he discussed "calendars and such" with counsel in chambers. The State urges us to assume that second counsel requested the delay at the in-chambers conference; therefore, McGowan's actions, which resulted in second counsel being appointed, justify charging the delay to McGowan.

The mere change of counsel during the period of the rule does not in itself result in any delay in proceeding to trial, and the court may not assume new counsel needs more time to prepare for trial. *Simpson v. State* (1975), 165 Ind.App. 285, 332 N.E.2d 112. However, when the defendant requests a continuance because of a change in counsel, any delay will be charged to the defendant. *Burdine v. State* (1987), Ind., 515 N.E.2d 1085.

In *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271, both defendant Biggs and co-defendant Orchard changed counsel before trial. Bigg's new counsel entered his appearance eleven days before trial and Orchard's counsel entered an appearance over a month before trial. The state argued the delay in bringing the case to trial was caused by the change in counsel and should have been charged to the defendants. This court, noting that neither counsel requested a continuance, held that no part of the delay could be charged to the defendants.

The situation here is no different from the situation presented in *Biggs, supra.* Although new counsel was appointed seven days before trial, there is no record of a request for a continuance. Absent a request for a continuance, we cannot assume that new counsel needed more time

---

**3.** After the hearing on McGowan's discharge motion, the trial court made a finding that the delay was caused by McGowan's actions and by court congestion. However, the rule requires that any continuance caused by congested calendar or emergency to be reduced to an order. The State concedes that there is no such order here and that court congestion is not therefore a valid reason for delay.

to prepare for trial. *Simpson, supra.* Therefore, the delay cannot be attributed to McGowan.

### 2. Timeliness of Motion for Discharge:

The State argues that McGowan's first (oral) motion for a speedy trial on October 9 was superseded by his *written* motion made on October 30, 1990. Thus, according to the State, the 70–day period did not expire until January 8, 1991, instead of December 17, 1990. State cites *Minneman v. State* (1982), Ind., 441 N.E.2d 673, where the court stated:

> "When a defendant files a motion for early trial under Ind.R.Crim.P. 4(B), such filing constitutes an abandonment of previous motions for early trial filed by that defendant. *Rutledge v. State* (1981), Ind., 426 N.E.2d 638. The law requires the movant to maintain a position which is reasonably consistent with the request he has made. *Utterback v. State* (1974), 261 Ind. 685, 310 N.E.2d 552. Therefore, when Appellant filed his motion for speedy trial on October 30, 1979, he abandoned the earlier motion filed on August 9, 1979, and we are no longer concerned with that motion."

*Id.* at 677. In *Rutledge*, cited by the *Minneman* court, the defendant filed three motions for early trial as follows: 1) November 2, 1978; 2) January 17, 1979; and 3) May 10, 1979. Each time he filed a motion, he requested to be tried within the 70–day period following the date on which the motion was filed. The defendant filed a motion for discharge on July 19, 1979, which the trial court denied. On appeal, the supreme court examined only whether Rutledge was entitled to discharge after the period following the May 10, 1979, motion, reasoning that each time the defendant filed a new motion for early trial (instead of objecting to the setting of the trial date beyond the 70–day period), he abandoned the previously-filed motions. In this way, Rutledge had abandoned the first two requests for early trial. The court affirmed the denial of his motion for discharge, holding that Rutledge had failed to timely object to the setting of the trial date beyond the 70–period after May 10, 1979.

Likewise, in *Minneman*, the defendant filed two motions for a speedy trial—one on August 9, 1979, and one on October 30, 1979. Citing *Rutledge, supra,* 426 N.E.2d 638, the court determined Minneman had abandoned his August 9 motion. The court did not detail why Minneman made a second motion for a speedy trial or whether he requested to be tried within seventy days from his second motion. However, from the court's reliance on *Rutledge*, we are led to believe that Minneman, like Rutledge, requested a trial date in his second motion outside the date of the first motion; thereby, abandoning the request of the first motion.

 Here, there is no indication McGowan acted in a manner other than that consistent with his October 9 request to be tried within 70 days. At his arraignment hearing, McGowan orally requested a "fast and speedy trial". However, he was informed by the magistrate that he would need to file a written motion "for the record". A written request was filed by counsel on October 30, 1990, which simply stated: "Comes now the Defendant, Randolph McGowan, by counsel and moves the Court to set this cause for Speedy Trial." R. 22. At the hearing on first counsel's request to withdraw, McGowan stated that he "in no way want[ed] to do anything including having Mr. Ice removed from my case ... to jeopardize or cause in anyway delay for me going to trial on the 17th of this month [December]." When the judge continued the trial until January 10, 1991, McGowan objected several times. In this manner, McGowan consistently insisted he be tried within 70 days of his first request. Therefore, we find that he did not abandon his first request.

 Apparently, the State, the magistrate at the initial hearing, and the judge at the hearing on McGowan's motion for discharge assumed that the motion for a speedy trial had to be in writing "for the record". However, the oral motion made at the arraignment hearing is part of the record. Furthermore, Crim.R. 4 does not require the motion to be in writing, and the

State points us to no other authority requiring such.

### 3. Constitutional Violation:

■ Finally, the State argues that McGowan's right to a speedy trial was not violated, citing *Dean v. State* (1982), Ind., 433 N.E.2d 1172. In *Dean*, the court set out the following factors to be weighed in determining whether a constitutional violation of the right to a speedy trial has occurred: 1) length of the delay; 2) reason for the delay; 3) defendant's assertion of his right; and 4) prejudice, if any, to the defendant. *Id.* at 1777. Balancing these factors is difficult at best; however, great weight is to be given to third factor. *Id.*, citing *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

The State assesses these factors as follows: 1) The 70–day period began to run on October 30 and would have expired on January 8, 1991; therefore, the delay was a mere two days; 2) the delay was caused by the defendant's actions toward his first counsel; 3) McGowan did not properly assert his right because, according the State's calculations, the 70–day period did not expire until January 8, 1991, and McGowan moved for discharge on December 29, before the time had expired; and 4) McGowan has not shown any prejudice by the delay.

We cannot agree with the State's assessment of the relevant factors. We have already found that the time began to run on October 9, 1990. The delay caused by appointment of new counsel was due to the court's assumption that appointment of new counsel would require a continuance. Most importantly, McGowan consistently asserted his right to be tried by December 17–70 days after his October 9 motion. Therefore, we find McGowan's right to a speedy trial was violated.

Reversed and remanded with instructions to discharge McGowan.

RATLIFF, C.J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. We spend much time on Indiana Criminal Rule 4 issues. We count days and then subtract others to determine to whom each day should be charged. It seems to me that it would be far better to have a written motion as a reference point and to make that written motion a requirement to secure an accurate record. Record keeping issues may seem picayune, but a busy trial court judge can all too easily lose track of a case as complex as the case here.

Moreover, I can't agree with the majority's assumption that notwithstanding new counsel's appointment seven days before trial, and because new counsel did not move for a continuance, new counsel needed no additional time to prepare for trial. Absent any affirmative indication from the newly appointed counsel that he needed no additional time, it is reasonable for the trial judge to look at the complexity of the case at issue, and in his discretion, determine that counsel could not adequately prepare a proper defense in seven days.