## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2018, 10:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Noah Williams
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Golby Desroches,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 9, 2018<br><br>Court of Appeals Case No.<br>53A01-1704-CR-953<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Marc R. Kellams, Judge<br><br>Trial Court Cause No.<br>53C02-1408-FB-772 |

**Crone, Judge.**

# Case Summary

[1] Golby Desroches was charged with two class B felonies. He filed a motion to dismiss based on the State's alleged failure to bring him to trial within the one-year limitation provided by Indiana Criminal Rule 4(C). The trial court found that when Desroches filed his motion to dismiss, the one-year period had not expired, and therefore his motion was untimely. At Desroches' request, the trial court certified its decision for interlocutory appeal. On appeal, Desroches argues that the trial court erred in calculating the expiration of the one-year period by attributing a delay of 31 days to him. Finding no error, we affirm.

# Facts and Procedural History

[2] On August 12, 2014, the State charged Desroches with rape and criminal deviate conduct as class B felonies. On October 6, 2014, Desroches was arrested and detained on those charges. Initially Desroches hired private counsel, but on February 5, 2015, Desroches' private counsel filed a motion to withdraw because Desroches was unable to pay her as required by their fee arrangement. That day, the trial court granted private counsel's motion to withdraw, appointed public defender Jeremy Noel to represent Desroches, and scheduled a pretrial conference for March 2, 2015. Noel filed his appearance on February 17, 2015.

[3] On March 2, 2015, the trial court held a pretrial conference. The entry for that hearing in the chronological case summary ("CCS") provides, "Hearing held. Court now sets this cause for further Pre-trial Conference on April 2, 2015."

Appellant's App. Vol. 2 at 4. On April 2 Desroches requested a continuance in open court, which was granted, and the trial court continued the pretrial conference to May 28, 2015. After Desroches requested two more continuances on May 28, 2015, and July 20, 2015, the trial court continued the pretrial conference to August 18, 2015. At the August 18 pretrial conference Desroches requested that the cause be reset for "further pretrial conference[,]" which the trial court scheduled for September 16, 2015. *Id.* at 5. On September 16, Desroches moved for a continuance, which was granted, and the trial court set a final pretrial conference for October 15, 2015.

[4] At the October 15 pretrial conference, the trial court set Desroches' jury trial for March 14, 2016. On March 10, 2016, the trial court held a final motions conference. Desroches orally moved to continue the jury trial, which was granted, and the court continued the trial to June 6, 2016. On May 26, 2016, Desroches filed a motion for continuance, which the trial court granted. The trial court did not reschedule the trial but reset the cause for a pretrial conference to be held on July 18, 2016.

[5] On July 5, 2016, public defender Noah Williams filed a motion to substitute his appearance for Noel's. On July 18, 2016, Desroches moved for a seventh continuance. The trial court granted his motion and continued the pretrial conference to September 13, 2016.

[6] On August 16, 2016, Desroches filed a notice to depose the alleged victim, C.N., a second time.[1] On September 8, 2016, the State filed a request for an order to protect C.N. from another deposition. On September 13, 2016, the trial court conducted a pretrial conference, and Desroches filed a motion for specific discovery in response to the State's motion for a protective order. The trial court set a hearing on the motions for September 22, 2016, and set a further pretrial conference for October 18, 2016.

[7] After holding a hearing on the State's motion for a protective order and Desroches' motion for specific discovery, the trial court issued an order denying both motions on September 28, 2016. On September 30, 2016, Desroches contacted the State to schedule C.N.'s deposition and suggested the possibility of a Friday in November.[2] *Id.* at 106, 108.

[8] On October 10, 2016, Desroches filed a motion for an eighth continuance, which was granted, and the trial court continued the pretrial conference to October 20, 2016. On October 18, 2016, Desroches suggested to the State that C.N.'s deposition be scheduled for November 21 or 22, 2016, and the parties agreed to a deposition date of November 22.[3] On October 20, 2016, the trial

---

[1] Desroches' first public defender previously took C.N.'s deposition on August 7, 2015.

[2] In his reply brief, Desroches states that "the trial court requested that Desroches coordinate with counsel for a co-defendant in conducting the deposition so that the victim would not be deposed a third time." Appellant's Reply Br. at 14 (citing Appellant's App. Vol. 2 at 95, 106). Although Desroches contends that this "unintentionally compound[ed] the delay[,]" he concedes that it was "certainly reasonable." *Id.*

[3] Apparently, in early November 2016, the State notified Desroches that C.N. was unavailable on November 22, and the parties rescheduled the deposition for January 2017.

court conducted a pretrial conference, and set the cause for further pretrial conference for December 8, 2016.

[9] At the December 8 pretrial conference, the parties advised that "they were unable to reach an agreement for disposition." *Id.* The trial court set the jury trial for December 19, 2016, with a final motions conference on December 15, 2016. On December 9, 2016, Desroches filed a notice of discovery deposition and a request for pretrial disclosure of the State's intention to offer Rule 404(B) evidence at trial. *Id.*

[10] On December 13, 2016, Desroches filed a motion to dismiss pursuant to Criminal Rule 4(C) and a supporting memorandum. On December 15, 2016, the trial court reset the cause for hearing on Desroches' motion to dismiss for January 30, 2017. Following the hearing, on March 20, 2017, the trial court issued an order ("the Order") denying Desroches' motion to dismiss because the one-year period under the rule had not expired, and therefore the motion was untimely. The trial court found that 799 days had elapsed between Desroches' arrest on October 6, 2014, and the filing of his motion to dismiss on December 13, 2016, but that 439 days were attributable to Desroches, and therefore the one-year period in which the State was required to bring Desroches to trial was extended to 804 days. Appealed Order at 3-4. In relevant part, the Order provides as follows:

> In the case at bar, at the request of [Desroches], a public defender was appointed on 02/05/2015. The public defender did not enter an appearance until 02/17/2015 and the public defender

appeared for his first pre-trial conference on this matter on 03/02/2015. On that date, the court set the cause for a further pre-trial hearing on 04/02/2015.

….

While it is clear that it is improper to speculate on whether defense counsel needed a continuance to prepare his case, the record is clear that a continuance was needed. The delay in question is from 03/02/2015 to 04/02/2015. 03/02/2015 was the first time defense counsel appeared in this matter, and it was only two weeks after he filed his appearance. Subsequent to 04/02/2015, the public defender requested four continuances, causing delays until 10/15/2015. At that point, trial was set for the first time for 03/14/2016. Taken as a whole, the record is not silent, but instead indicates clearly that defense counsel needed more time to prepare for trial.

*Id*. at 3. This interlocutory appeal ensued.

## Discussion and Decision

Desroches contends that the trial court erred in denying his Criminal Rule 4(C) motion to dismiss. We begin by observing that Criminal Rule 4 implements a defendant's federal and state constitutional rights to a speedy trial by "expressly requir[ing] that a defendant be discharged if not brought to trial within certain prescribed time limits." *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995).[4] In reviewing Criminal Rule 4 claims, we review questions of law de novo, and we

---

[4] "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution." *Clark*, 659 N.E.2d at 551.

review factual findings under the clearly erroneous standard. *Austin v. State*, 997 N.E.2d 1027, 1039-40 (Ind. 2013). Here, the facts are undisputed, and therefore our review is de novo.

[12] Criminal Rule 4(C) reads in part,

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar ..... Any defendant so held shall, on motion, be discharged.

[13] Criminal Rule 4(C) "places an affirmative duty on the State to bring a defendant to trial within one year." *Gibson v. State*, 910 N.E.2d 263, 266 (Ind. Ct. App. 2009). The defendant is under no obligation to remind either the State or the trial court of the State's duty. *Id*. However, "when a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." *Cook v. State*, 810 N.E.2d 1064, 1066-67 (Ind. 2004); *see also Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999) ("If a defendant seeks or acquiesces in a delay that results in a later trial date, the time limitations set by Criminal Rule 4 are extended by the length of such delays."). When a defendant seeks a continuance, the time between his motion for a continuance and the new trial date is chargeable to the defendant. *Todisco v. State*, 965

N.E.2d 753, 755 (Ind. Ct. App. 2012), *trans. denied*.[5]  If a defendant's actions cause his attorney's resignation or withdrawal, then the defendant is charged with that delay.  *Isaacs v. State*, 673 N.E.2d 757, 763 (Ind. 1996).  "'The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee largely depends on the specific circumstances of the case.'" *Payton v. State*, 905 N.E.2d 508, 511 (Ind. Ct. App. 2009) (quoting *State v. Penwell*, 875 N.E.2d 365, 367 (Ind. Ct. App. 2007), *trans. denied (2008)*), *trans. denied*.  "The objective of [Criminal Rule 4] is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial." *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000); *see also State v. Black*, 947 N.E.2d 503, 508 (Ind. Ct. App. 2011) ("The purpose of Criminal Rule 4 is to assure early trials, not to discharge defendants.").  "[Criminal Rule 4] is not intended to be a mechanism for providing defendants a technical means to escape prosecution." *Austin*, 997 N.E.2d at 1037.

[14]  Here, the parties agree that the one-year period began to run on October 6, 2014, when Desroches was arrested.  Desroches filed his motion to dismiss on December 13, 2016.  The number of days between Desroches' arrest and the filing of his motion to dismiss is 799.  The trial court found that 439 days were attributable to Desroches and that when he filed his motion there were still 5 days remaining before the one-year period expired (799 – 439 = 360).

---

[5] We observe that continuances due to court congestion or emergency do not count toward the Criminal Rule 4(C) period. *Curtis v. State*, 948 N.E.2d 1143, 1151 (Ind. 2011).  However, these situations are not in issue here.

Desroches does not dispute that he formally requested eight continuances that account for 383 days and that the trial court properly attributed those days to him. Desroches also does not dispute that he contributed to the withdrawal of his private counsel and the necessity of the appointment of a public defender, which resulted in another delay of 25 days from February 5, 2015, when private counsel withdrew, to March 2, 2015, when the newly appointed public defender appeared at the pretrial conference held on that date. Thus, there is no dispute that the one-year period was extended by at least 408 days (383 + 25 = 408).

[15] Desroches argues that the trial court erred in attributing to him the 31 days between the pretrial conference on March 2, 2015, and the next scheduled pretrial conference on April 2, 2015, and thus the one-year period expired on November 18, 2016. Specifically, he contends that the delay cannot be attributable to him because the record is "wholly silent" as to the reason for the delay. Appellant's Br. at 13. Desroches is correct that courts "'may not attribute delays in proceeding to trial to the defendant where the record is void regarding the reason for the delay.'" *Curtis v. State*, 948 N.E.2d 1143, 1151 (Ind. 2011) (quoting *Alter v. State*, 860 N.E.2d 874, 878 (Ind. Ct. App. 2007)). However, we cannot agree that the record here is void regarding the reason for delay.

[16] Desroches' case was nearly four months old when his private counsel withdrew due to his failure to pay her. Because of Desroches' actions, a public defender was appointed at that time to represent Desroches. Attorney Noel filed his appearance on February 17, 2015, just two weeks before the scheduled March

2, 2015 pretrial conference. A further pretrial conference was scheduled for April 2, but Noel asked for continuances on April 2, May 28, July 20, and September 16, 2015. Finally, in October 2015, trial was set for the first time for March 15, 2016. The record supports a reasonable inference that Desroches' new public defender, whose sudden appointment was caused by Desroches' actions, required the time between March 2 and April 2 to prepare for trial, and therefore that time is attributable to Desroches. Not all changes of counsel will necessarily result in delays chargeable to the defendant. *See Simpson v. State*, 165 Ind. App. 285, 289-90, 332 N.E.2d 112, 115-16 (1975) (concluding that trial court erred in charging defendant with delay based on appointment of new counsel where the *only* action taken by anyone after defendant filed motion for early trial was his request for appointment of new counsel). Clearly, it will depend on the record and the particular circumstances of the case. Here, the record is not void regarding the reason for the delay and supports a determination that Desroches' actions caused the delay. We find no error in the trial court's determination that Desroches caused the delay between March 2 and April 2, 2015, and that the delay was attributable to him. Accordingly, we affirm the trial court's denial of his motion to dismiss.

[17] Affirmed.

Robb, J., and Bradford, J., concur.